## Helen R. LOWE

v.

## PHILADELPHIA NEWSPAPERS, INC.

### Civ. A. No. 83–1771.

United States District Court,
E.D. Pennsylvania.

Oct. 21, 1983.

---

Alice W. Ballard, Samuel & Ballard, Philadelphia, Pa., for plaintiff.

Richard S. Meyer, Dilworth, Paxon, Kalish & Kauffman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

Plaintiff has filed an action under the Civil Rights Act of 1866, 42 U.S.C. § 1981, against her employer for racial discrimination in failing to promote her and for retaliation because she complained about such race discrimination. She seeks injunctive relief, back pay, promotion and compensatory and punitive damages. She asserts, and intends to prove at trial, that the actions taken by her employer caused her severe emotional and physical harm and distress, for which she seeks both compensatory and punitive damages.

Counsel for the respective parties disagree as to the scope of permissible discovery concerning plaintiff's medical and personal history. Essentially, plaintiff takes the position that any inquiry into plaintiff's past medical problems, both physical and mental, as well as her past marital history and social and private activities, should be precluded unless it directly relates to her job performance. Defense counsel, in substance, contends that because plaintiff has alleged that defendant's conduct caused her severe physical and emotional upset for which she seeks compensatory and punitive damages, her entire life's history may be inquired into to establish by way of defense that her claimed present physical and mental impairments and suffering are the result of a culmination of her entire life's history of both medical and psychological problems and not the result of any activities of the defendant.

At the deposition taken of Dr. Speck, a psychiatrist who has treated the plaintiff, plaintiff's counsel precluded inquiry by defense counsel as to (1) any statements made by plaintiff to Dr. Speck, except those concerning her job and occurrences at her place of employment, and (2) in general any prior medical or personal history of plaintiff as ascertained by Dr. Speck other than such as was directly "job related." Plaintiff contends that discovery into areas of purely private matters invades her right of privacy. She also asserts a right of privacy as to confidential communications between her and her physicians, including Dr. Speck.

█ The difficulty with plaintiff's contentions is that she is the person asserting that she has suffered severe physical and emotional distress and harm, and seeks to prove this through her own testimony and that of physicians and psychiatrists, including Dr. Speck. Defense counsel, therefore, has a clear right to make a searching inquiry into plaintiff's past for the purpose, among others, of showing that her emotional and physical distress was caused, at least in part, if not in whole, by events and circumstances that were in no way "job related." At trial, if she contends that she has suffered emotional distress, clearly defendant is entitled to present evidence that other stressful situations in her past personal history have contributed to her emotional distress. Also, counsel has the right to inquire fully into matters taken into consideration by Dr. Speck in reaching his conclusions as to plaintiff's emotional distress.

█ Plaintiff's counsel argues that to allow broad searching discovery into a claimant's personal history will discourage claimants with worthy causes from filing actions for discrimination. Plaintiff contends that the defendant has caused plaintiff personal injury by way of emotional distress so severe as to require psychiatric care for which compensatory and punitive damages are sought. The right of privacy as to plaintiff's personal history that a plaintiff may otherwise have must be balanced against the defendant's right to a fair trial. Likewise, the claim of privilege of confidential communications between plaintiff and her treating psychiatrist and other physicians cannot be sustained where such communications were considered by the psychiatrist or physician and were a basis, in part at least, of the psychiatrist or other physicians' diagnoses and opinions.

█ So long as plaintiff seeks either or both compensatory and punitive damages by reason of physical, mental or emotional

harm or distress, defendant is entitled to inquire during discovery of witnesses, including physicians and psychiatrists as to plaintiff's past history whether or not directly related to her job or job performance.

Defendant has filed a motion to compel plaintiff to undergo a psychiatric examination by Dr. Kenneth Kool. Defendant proposes that there be scheduled no more than two sessions each of ninety minutes duration. Plaintiff objects because the motion (1) does not state the manner of the examination; (2) does not state good cause; (3) requests an examination unlimited in scope; and (4) requests the examination be conducted in the absence of plaintiff's counsel and/or any psychiatrist of plaintiff's choosing.

■■ Good cause has been shown under Rule 35(a) for such an examination. Plaintiff's emotional and mental state of health has clearly been put in issue by plaintiff. This issue appears to be the central factual dispute in reference to damages. No objection has been raised as to Dr. Kool's competency to conduct such an examination. I take judicial notice that Dr. Kool has testified in this court as an expert witness in the field of psychiatry on at least several occasions. Dr. Kool's examination undoubtedly will consist of searching questions of the plaintiff as to her past physical and mental and emotional problems. He will most probably study her answers and reactions as a basis for forming an expert opinion. Defense is entitled to have such an examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Ryzlack v. McNeil Pharmaceutical*, Civil Action 81–3825 (E.D.Pa.1982, Newcomer, J.).

■ Plaintiff's objection to having the examination conducted in private, that is, without the presence of counsel or a psychiatrist of her choosing, deserves mention. In *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543 (S.D.N.Y.1978), a private psychiatric examination, over objection, was ordered. *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D.Md.1960), ruled that absent a showing of good cause, an attorney is not entitled to be present during a physical examination.

In this case it is my ruling that plaintiff may have a psychiatrist or other medical expert of her own choosing present during Dr. Kool's examination, but such person shall be there solely as an observer and not for the purpose of advising plaintiff during the examinations. Such person may, of course, make notes of observations during the examinations. For essentially the same reasons as set forth in *Dziwanoski v. Ocean Carrier Corp.*, 26 F.R.D. 595 (D.Md.1960), plaintiff's counsel shall not be present during the examinations.

Defense counsel wants to reschedule the deposition of Dr. Speck and of the plaintiff to inquire into those areas of plaintiff's past history, both medical and personal that were precluded during the prior depositions. In view of the ruling that the entire past history of plaintiff is subject to discovery, such continued depositions may be scheduled.

■ Defense counsel also objects to rescheduling plaintiff's deposition for purposes of inquiring about items contained in her personal diary. The diary was requested by defense counsel prior to the deposition. Plaintiff did not object to producing the diary. The diary was delivered at the conclusion of the deposition. At the rescheduled deposition, defense counsel may make inquiry as to entries in the diary. Plaintiff's contention that this is inappropriate because plaintiff did not utilize the diary to refresh her recollection is without merit. The diary, if prepared by plaintiff, may contain statements that would be admissible as declarations against interest or as admissions of a party, or for the purpose of impeachment as a prior statement of plaintiff.

■ Defense counsel has filed a motion to obtain the original documents of the diaries, notes and calendars of plaintiff which have been produced. Defense seeks to have them examined by a "forensic scientist" for non-destructive testing to see if

they have been "falsified, altered or changed in any way." Provided plaintiff does not seek to offer any of these documents into evidence at trial, the question of whether they have been "falsified, altered or changed in any way" would be irrelevant, and as a discovery matter would not likely lead to admissible evidence. If, however, they are to be introduced into evidence or orally referred to by plaintiff at trial in support of any of her contentions, then such an examination would appear to be proper. A conditional order will be entered.

■ Finally, plaintiff has filed a motion for a protective order against further deposing plaintiff, claiming the deposition has been unduly lengthy and harassing. Portions of the deposition have been attached to the motion. It is clear that in at least several instances defense counsel has made comments during the deposition that are sarcastic and in other ways improper. I have ruled that plaintiff's deposition may be continued. I will not limit the scope of the reopened deposition. Defense counsel is, however, directed to confine his questions to questions, without adding his comments or opinions. Also, in view of the continuing disputes between counsel as to the manner and tone of voice of questioning, I will permit, at all future depositions that either or both counsel may provide at their own expense for tape voice recordings of the depositions.

### ORDER

For the reasons set forth in the memorandum filed with this order, it is

Ordered as follows:

1. Defense counsel may schedule a continued deposition of the plaintiff. Defendant shall not be limited in the scope of the inquiry of plaintiff except that such inquiry shall be within the bounds of Federal Rule of Civil Procedure 26(b). Questions based on the content or information obtained by defense counsel upon examination of notes, calendars and diaries of plaintiff shall be permitted. Inquiry may also be made concerning plaintiff's personal history including her full medical history and all personal events in plaintiff's life that involved potential mental or emotional stress and upset or treatment thereof.

2. Defense counsel may schedule a continued deposition of Dr. Speck. At such deposition defense counsel may inquire as to all plaintiff's prior medical and personal history and as to all information provided to Dr. Speck by plaintiff, either orally or otherwise, and as to all facts and circumstances taken into consideration by Dr. Speck in his treatment and diagnosis of plaintiff and as to any opinion he may have as to her present or past physical or mental condition and prognosis. Defense counsel shall pay a reasonable fee to Dr. Speck for attending such deposition.

3. Defense counsel may schedule and take the deposition of any and all other treating or examining physicians or medical specialists, and at such deposition may inquire into the same areas as permitted at the deposition of Dr. Speck as set forth in paragraph 2 above. Defense counsel shall pay a reasonable fee to such persons as are deposed.

4. Defendant's motion to compel production of the original notes, calendars and diaries of plaintiff for the purpose of conducting non-destructive testing by a "forensic scientist" to determine whether they have been "falsified, altered or changed in any way" is denied; provided, however, that plaintiff will be precluded at trial from presenting testimony or evidence concerning such documents or the contents thereof, and be precluded from identifying or offering the same into evidence, unless within twenty (20) days from the date of this order, plaintiff delivers such documents to defense counsel for the purpose of having non-destructive testing performed.

5. Plaintiff shall submit to a psychiatric examination to be conducted by Dr. Kenneth Kool, such examination to consist of no more than two sessions, each of which shall last no longer than ninety minutes; provided that within fifteen (15) days of the

last session, Dr. Kool shall prepare a full written report of such examination and his conclusions, if any, and provide a copy thereof to plaintiff's counsel. Plaintiff may have present at her own expense during the examining sessions one (1) psychiatrist, physician or other medical specialist of her choosing as an observer of the examinations.

6. At all further depositions, counsel shall refrain from making comments upon the accuracy of testimony given by a deponent and shall refrain from expressing any opinions. Either or both parties may record any portion of a deposition by means of a tape or other electrical or mechanical sound transcription machine.

7. Any information obtained through discovery by defense counsel concerning plaintiff's medical or personal history shall be treated as confidential information to be utilized in and solely for the purpose of this litigation. The information shall not be divulged to any employee or officer of defendant without prior approval of either plaintiff's counsel or of this court.

8. All discovery shall be completed by November 30, 1983, and pretrial memoranda shall be filed by both parties on or before December 14, 1983.