**Carol J. CODY, Plaintiff,**

v.

**MARRIOTT CORPORATION, Wolfrum Krupa, and Mark S. McCaw, Defendants.**

**Civ. A. No. 83–2603–G.**

United States District Court, D. Massachusetts.

Nov. 14, 1984.

---

**2.** See *Huettig & Schromm, Inc. v. Landscape Contractors Council,* 582 F.Supp. 1519 (N.D.Cal. 1984).

Judith Ashton, Boston, Mass., for plaintiff.

Holly A. Silver, Washington, D.C., for defendants.

### ORDER ON DEFENDANTS' MOTION REQUIRING A PSYCHIATRIC EXAMINATION

JOYCE LONDON ALEXANDER, United States Magistrate.

A hearing was held on the above entitled motion.

Defendants seek an order requiring plaintiff to submit to a psychiatric examination pursuant to Rule 35(a) of the Federal Rules of Civil Procedure.[1] Plaintiff opposes the motion.

Defendants contend that plaintiff has placed her mental condition "in controversy."[2] As a result of plaintiff's allegations of physical and emotional distress, defendants state that they have shown "good cause" within the meaning of Rule 35(a); and therefore, plaintiff should be required to submit to a mental (psychiatric) examination. In support of this contention, defendants cite *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543 (S.D.N.Y.1978).

Plaintiff contends that the motion should be denied because defendants have not complied with the substantive and procedural requirements of Rule 35(a).[3] In support of this contention, plaintiff cites *Marroni v. Matey*, 82 F.R.D. 371 (E.D.Pa.1979); *Schlagenhauf v. Holder, supra;* *Coca-Cola Bottling Co. of Puerto Rico v. Negron Torres*, 255 F.2d 149 (1st Cir.1958).

■ The defendants are correct in asserting that Rule 35(a) is to be construed liberally in favor of granting discovery. *Postell v. Amana Refrigeration, Inc.*, 87 F.R.D. 706, 707 (N.D.Ga.1980).

■ However, none of the rules of Federal Civil Procedure "should ... be expanded by disregarding plainly expressed limitations. The 'good cause' and 'in controversy' requirements of Rule 35 make it very apparent that sweeping examinations of a party who has not affirmatively put into issue [her] own mental ... condition are not to be automatically ordered merely because the person" has made a claim of emotional distress. *See Schlagenhauf*, 379 U.S. at 121, 85 S.Ct. at 244. "To hold otherwise would mean that such examinations could be ordered routinely" in cases where there is a claim of damages for emotional distress. *See Schlagenhauf*, 379 U.S. at 121–122, 85 S.Ct. at 244.

■ Plaintiff has not placed her mental condition "in controversy" by asserting a claim of damages for physical and emotional distress. Defendants reliance on *Schlagenhauf* to press this point is misplaced. Defendants make reference to a portion of that opinion which suggests that a plaintiff in a negligence action places his mental or physical condition in controversy by asserting a mental or physical injury. *Schlagenhauf*, 379 U.S. at 119, 85 S.Ct. at 243. The short answer to the defendants line of reasoning is: this is not a negligence action;

---

**1.** Fed.R.Civ.P. 35(a) provides that:

Order for examination. When the mental or physical condition (including the blood group) of a party, or of a person in custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

**2.** At the hearing, defendants contended that an allegation of "emotional distress" is synonymous with "mental condition". Yet, defendants present no authority for this proposition.

**3.** Plaintiff contends that substantively the defendants have not met the "in controversy" and "good cause shown" requirements of the rule. Procedurally, plaintiffs contend that the defendants have not "specif[ied]" the time, place, manner, conditions, and scope of the examination." Fed.R.Civ.P. 35(a).

this is an employment discrimination action.[4]

■■■ The other case cited by defendants also can be distinguished on its facts. In *Brandenberg v. El Al Israel Airlines, supra,* the plaintiff claimed she had suffered "physical, emotional, mental stress, and *mental and psychiatric injuries.*" Id. at 545 (emphasis added). Unlike the case *sub judice* where no psychiatric injuries are alleged, it is clear that where, as in *Brandenberg,* a plaintiff refers to specific mental and psychiatric injuries, the plaintiff is affirmatively placing in controversy a mental condition. Under those circumstances, it is appropriate for a court to order an examination. *Compare, Massey v. Manitowoc Company, Inc.,* 101 F.R.D. 304 (E.D. Pa.1983) (plaintiff claimed that he was totally and permanently disabled and admitted that his mental state was in controversy); *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296 (E.D.Pa.1983) (plaintiff placed her mental state of health into question by making her mental injuries the *central factual dispute in reference to damages*).

"[T]he granting or denying of a motion for a [mental] examination rests in the sound discretion of the [motions] court." *Coca-Cola Bottling Company,* 255 F.2d at 153. The Court does not view the case at bar as an instance where the mental state of a party has been affirmatively placed in controversy. Plaintiff merely has made a claim of emotional distress, not a claim of a psychiatric disorder requiring psychiatric or psychological counseling.

Accordingly, for the reasons stated above, this Court hereby DENIES without prejudice the defendants' motion. If, however, at some later date the plaintiff utilizes the services of a psychiatrist or psychologist for use at trial, the defendants may be allowed to conduct a Rule 35(a) examination.

SO ORDERED.

**4.** While noting the distinction between the two causes of action for the defendants, this Court does not suggest that a plaintiff could *never* place his or her mental or physical condition "in controversy" in an employment discrimination case. The Court is simply holding that mental condition is not "in controversy" in the instant case.