**Rick G. ANSON, Plaintiff,**

v.

**Robert FICKEL, Jr., Mary Taddeo, Carmen Taddeo, PGT Trucking, Inc., and Pat Gallagher Trucking Company, Defendants.**

**Civ. No. H 84–616.**

United States District Court,
N.D. Indiana,
Hammond Division.

May 12, 1986.

---

Saul I. Ruman, Hammond, Ind., for plaintiff.

David K. Ranich, Anthony DeBonis, Jr., East Chicago, Ind., for defendants.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Physical and Psychological Examination of Plaintiff filed by the defendants on April 17, 1986. For the reasons set forth below, the motion is GRANTED.

On September 10, 1984, the plaintiff, Rick G. Anson, filed a complaint seeking compensation for the injuries which he received in a traffic accident. In support of the request for a psychiatric examination, the defendants have alleged:

> The plaintiff was confined to the Psychiatric Ward of Our Lady of Mercy Hospital (after the accident in question) on June 24, 1983, wherein part of the record shows that he has, from time to time, attempted to conceal and/or fabricate his injuries to physicians to seek recovery of damages.
>
> Rhetorical Paragraph 2(a), Brief in Support of Motion for Physical and Psychological Examination filed April 30, 1986.

The defendants request that the psychiatric examination be conducted by David L. Madsen, Ph.D., a clinical psychologist licensed to practice in Illinois. The plaintiff has not challenged the defendants' request for a physical examination, but he objects to the requested psychiatric examination.

A court has the authority to order a party to undergo a physical and a mental examination pursuant to Rule 35(a) of the Federal Rules of Civil Procedure which provides:

> When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician ... The order may be made only upon motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The plaintiff has objected to the psychiatric examination by disputing that his mental condition is "in controversy," that the defendants have demonstrated "good cause," and that Dr. Madsen, a psychologist and not a physician, is qualified to perform the examination. In his complaint, the plaintiff has placed his mental condition in controversy by seeking compensation for both his physical injuries and emotional distress. Although mental examinations may not be appropriate in every case where the plaintiff alleges emotional distress, *Cody v. Marriott Corporation*, 103 F.R.D. 421, 422 (D.C.Mass.1984), this case cannot be categorized as routine. In addition to seeking medical treatment for his physical injuries after the accident, the plaintiff also was required to seek psychiatric treatment. Since that psychiatric treatment required the plaintiff to be confined in a psychiatric ward, it must be assumed that the plaintiff was experiencing problems which were more severe than the emotional distress which frequently accompanies personal injuries. Therefore, the nature and seriousness of the emotional distress experienced by the plaintiff after the accident is an important issue in this lawsuit. See generally: *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 299 (E.D.Pa.1983).

■ With respect to the second issue, the defendants have demonstrated good cause for the mental examination. One of the factors which must be considered in determining good cause is whether the defendants have utilized other discovery procedures before seeking the mental examination. *Marroni v. Matey*, 82 F.R.D. 371, 372 (E.D.Pa.1979). In this case, the defendants have done so. They have alleged that Dr. Madsen and George M. Gentry, Ph.D., a clinical psychologist licensed to practice in Indiana and Illinois, have reviewed the medical records of the plaintiff and have formed preliminary opinions concerning the plaintiff's mental condition which are adverse to the claims of the plaintiff. Since the defendants already have obtained the medical records of the plaintiff and have had these records reviewed by their own experts, the defendants have demonstrated a reasonable basis for requesting the mental examination of the plaintiff.

■ Finally, the plaintiff's objection to the examination by a clinical psychologist, not a physician, must also fail. The plaintiff is correct that Rule 35(a) permits an examination "by a physician." However, that limited interpretation was rejected in *Massey v. Manitowoc Company, Inc.*, 101 F.R.D. 304 (E.D.Pa.1983) where the court stated:

Neither [Rule 35(a)] itself nor the advisory committee notes shed light on the subject. One can only assume that because such examinations involve a limited invasion of personal privacy, the main concern involved limiting the individuals permitted to make such examinations to those properly qualified. In any physical examination requiring the examiner to be a physician is quite apparent and logical. However, the study of mental health and thought processes is not within the exclusive domain of physicians. The requirement that the examiner hold a medical degree may not always be necessary. So long as there are adequate assurances that the examiner is qualified to conduct the type of examination given, the purpose of Rule 35 will be satisfied.

... It is perfectly reasonable to allow qualified psychologists to administer psychological tests once it has been determined psychological testing is appropriate in a particular case. The argument is not mere bootstrapping. Considering their required specialized training and experience, psychologists will in some instances be best qualified to administer examinations that require psychological testing. That is what they have been trained to do. To require that only a medical doctor, who may or may not have received specialized training in psychiatry or psychology, be permitted to administer the tests because Rule 35 permits utilizing only a "physician," would not serve the ends of justice.

101 F.R.D. at 306–07.

The plaintiff has not alleged that Dr. Madsen does not have the appropriate training or experience to conduct an appropriate examination. Therefore, he will be permitted to do so.

The Motion for Physical and Psychological Examination filed by the plaintiff on April 17, 1986, is GRANTED. The plaintiff is ORDERED to submit to a physical examination to be conducted by Timothy Raykovich, M.D., and a mental examination to be conducted by David L. Madsen, Ph.D., within ten (10) days of this Order. The proposed order submitted by the defendants specifying the details of the examinations will be entered this date.