**Robin TURNER, Plaintiff,**

v.

**IMPERIAL STORES, et al., Defendants.**

**Civ. No. 94–0750–E(CGA).**

United States District Court,
S.D. California.

April 7, 1995.

Don C. Burns, Mark Bush, Burns & Dawe, San Diego, CA, for plaintiff Robin Turner.

Mark B. Bennett and Kevin J. Rigley, McMenamin & Bennett, San Diego, CA, for

defendants Imperial Stores and Christopher B. Wardrup.

Sylvia L. Garcia, Garcia & Calderon, El Centro, CA.

Brian H. Krikorian, Nemecek & Cole, A.P.C., Sherman Oaks, CA.

## OPINION AND ORDER

AARON, United States Magistrate Judge.

### I.

### *INTRODUCTION*

This is a wrongful termination action arising out of the discharge of plaintiff Robin Turner from her position as a cashier and sales clerk at defendant Imperial Stores. In her complaint, Turner alleges a number of causes of action against defendants Imperial Stores and Christopher B. Wardrup, and requests damages on various grounds, including compensatory damages for losses resulting from "humiliation, mental anguish, and emotional distress."

Defendants requested that Turner submit to a mental examination. Turner objected to this request. Defendants then filed a "Memorandum of Points and Authorities in Support of Petition to Obtain Court Order for Mental Examination of Plaintiff Pursuant to F.R.C.P. 35." Plaintiff has filed an opposition to defendants' petition. The court conducted a hearing regarding defendants' request, after which the parties filed supplemental briefs in support of their positions.

The issue to be decided is whether Turner, by claiming damages for "emotional distress," has placed her mental condition "in controversy" within the meaning of Rule 35(a) of the Federal Rules of Civil Procedure, thereby entitling defendants to request an independent mental examination of her. Because the court finds that Turner has not put her mental condition "in controversy" within the meaning of the Rule, defendants' request for a court order authorizing the mental examination of Turner is denied.

### II.

### *STATEMENT OF FACTS*

On September 24, 1991, Robin Turner submitted an application for employment to Imperial Stores. After interviewing with defendant Wardrup, a supervisor at Imperial Stores' El Centro location, Turner was hired as a cashier. Turner was employed by Imperial Stores from October of 1991 until February 23, 1993. According to defendants, Turner was fired for taking an unauthorized one hour and ten minute break on February 22, 1993. At the time of her termination, Turner was the only African–American female employee of Imperial Stores. Turner alleges that she was both discriminated against and wrongfully terminated by defendants based upon her race and gender.

On April 8, 1994, Turner filed a complaint against defendants Imperial Stores and Wardrup in the Imperial County Superior Court, alleging a violation of Title VII of the Civil Rights Act of 1964, breach of contract, breach of the covenant of good faith and fair dealing, sex discrimination, fraud and deceit, defamation, violation of Labor Code section 1050, and violation of public policy. On May 12, 1994, defendants removed this action to the United States District Court for the Southern District of California.

Turner seeks to recover damages for breach of contract, and for losses incurred while seeking substitute employment, loss of earnings, deferred compensation and other employment benefits. In addition, Turner requests compensatory damages for "humiliation, mental anguish, and emotional distress in an amount exceeding one million dollars." Turner also seeks to recover punitive damages.

During the course of discovery in this case, Imperial Stores and Wardrup requested that Turner attend a mental examination to be performed by an expert hired by defendants. Turner objected to the proposed examination. The attorneys for each side met and conferred, pursuant to Local Rule 26.1(a), but were unable to resolve their differences. They then contacted the court and were asked to submit points and authorities supporting their positions.

Imperial Stores and Wardrup filed a "Memorandum of Points and Authorities in Support of Petition to Obtain Court Order for Mental Examination of Plaintiff Pursuant to F.R.C.P. 35." In their memorandum, Imperial Stores and Wardrup argue that Turner has placed her mental condition "in controversy" within the meaning of Rule 35 since she is "seeking compensation for the emotional distress resulting from the facts and circumstances surrounding her termination at Imperial Stores." Defendants maintain that an independent medical examination is necessary because without it, defendants will have no way of evaluating Turner's claim of emotional distress. Turner has filed an "Opposition to Petition to Obtain a Court Order for Mental Examination of Plaintiff," in which she maintains that a court order for an independent mental examination is unwarranted because she has not received professional psychological care in relation to this action, because the requested examination would violate her right to privacy, and because expert testimony regarding her emotional distress claim would invade the province of the jury.

On March 3, 1995, this court held a hearing at which counsel argued their respective positions. At the hearing, the court granted defendants' request to file supplemental motion papers. Both parties filed supplemental briefs.

### III.

### *DISCUSSION*

#### A. THE "IN CONTROVERSY" REQUIREMENT OF RULE 35(a)

Rule 35(a) of the Federal Rules of Civil Procedure provides in pertinent part:

**Physical and Mental Examinations of Persons**

**(a) Order for Examination.** When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

In *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), the Supreme Court noted that, unlike the rules pertaining to the permissible scope of other forms of discovery such as interrogatories and production of documents—which require only that the information sought be "relevant to the subject matter involved in the pending action," and that discovery devices not be used in bad faith so as to cause undue "annoyance, embarrassment, or oppression,"— Rule 35 contains a "restriction" that the matter be "in controversy," and also requires that the movant affirmatively demonstrate "good cause." *Id.* at 117, 85 S.Ct. at 242, citing F.R.C.P. 26(b) and 30(b). The Court went on to state that the "in controversy" and "good cause" requirements of Rule 35,

... are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

*Id.* at 118, 85 S.Ct. at 242–43.

The *Schlagenhauf* Court concluded that:

Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements ... are necessarily related.

*Id.* at 118–19, 85 S.Ct. at 243.

Imperial Stores maintains that Turner has placed her mental condition "in controversy" within the meaning of Rule 35(a) because she is seeking damages for losses resulting from "humiliation, mental anguish, and emotional distress" alleged to have been caused by defendants' actions. Imperial Stores further

maintains that "good cause" exists for compelling an independent mental examination of Turner because without such an examination, it has no way of evaluating Turner's claim of emotional distress, and because Imperial Stores has no other means to obtain the information it seeks.

Turner's complaint makes no separate claim for damages based on either intentional or negligent infliction of emotional distress. Rather, her claim for emotional distress is a component of her federal and state claims. Specifically, Turner contends that she has suffered humiliation, mental anguish, and emotional distress as a consequence of both the racial discrimination and sexual harassment she claims to have suffered at her place of employment, and also as a result of her termination by defendants, and their alleged defamation of her after her termination. In Plaintiff's Opposition to Defendants' Request for a Mental Examination, Turner argues, "There is no mental disability claimed by Robin Turner. Her general damages consist of the distress and anxiety that arises in the normal course of human events when a person suffers indignities and deprivation of rights." *Opposition to Petition to Obtain a Court Order for Mental Examination of Plaintiff*, at p. 3. Turner maintains that, "The extent of her mental suffering is limited to anxiety and humiliation as would be expected of any victim of tortious mistreatment," *Supplemental Memorandum of Points and Authorities in Opposition to Petition to Obtain Court Order for Mental Examination*, at p. 2, and that a mental examination of plaintiff, pursuant to Rule 35, is therefore not warranted in this case. Turner further argues that expert testimony regarding the issue of her humiliation, mental anguish, and emotional distress would "invade the province of the jury."

The issue to be decided here is whether Turner has placed her mental condition "in controversy" within the meaning of Federal Rule of Civil Procedure 35(a) by claiming damages for humiliation, mental anguish, and emotional distress alleged to have resulted from defendants' actions.

## B. CASE LAW

### 1. Cases in Which Courts have Ordered Mental Examinations

There is considerable disagreement among courts as to whether a plaintiff puts his or her mental condition "in controversy" by claiming damages for emotional distress. Few courts have held that a claim of emotional distress, alone, is sufficient to put a plaintiff's mental condition "in controversy" within the meaning of Rule 35(a). One such case is *Jansen v. Packaging Corporation of America*, 158 F.R.D. 409 (N.D.Ill.1994), in which the plaintiff sued her former employer for employment discrimination. The employer sought leave to obtain a psychological examination of Jansen because Jansen claimed that she had suffered, and continued to suffer, ongoing emotional distress attributable to the alleged sexual harassment and retaliation by her former supervisor. *Id.* at 409–410. The *Jansen* court concluded, without analysis, that:

> There is no question that by advancing such intangible harms as a component of her damages claim Jansen has not only placed her mental condition "in controversy" but has confirmed the existence of "good cause" for Packaging's motion....

*Id.* at 410.

The *Jansen* court went on to quote the opinion of the Supreme Court in *Schlagenhauf*, in which the Court commented that situations did exist where the pleadings alone would be sufficient to meet the "in controversy" and "good cause" requirements of Rule 35, and that a plaintiff in a negligence action who asserts *"mental or physical injury"* places that mental or physical injury clearly in controversy and also provides the defendant with good cause for an examination to determine the existence and extent of the asserted injuries. *Id.* Apparently equating Jansen's claim of emotional distress with the term "mental injury" as used by the Supreme Court in *Schlagenhauf*, the *Jansen* court concluded that defendants' motion to obtain a psychological examination of Jansen should be granted. *Id.* at 411.[1]

---

**1.** In reaching this conclusion, the *Jansen* court    noted that plaintiff had relied upon *Cody v. Mar-*

*Smedley v. Capps, Staples, Ward, Hastings & Dodson,* 820 F.Supp. 1227 (N.D.Cal. 1993), is another case in which the court ordered a mental examination of the plaintiff based solely on plaintiff's claim of emotional distress. Plaintiff Smedley was fired from her job with defendant law firm, and sued for wrongful discharge. Defendants moved to compel Smedley to undergo an independent psychiatric examination for the purpose of investigating her claims of emotional distress. *Id.* at 1230. Smedley opposed defendants' request, stating that she intended to dismiss her claims for negligent and intentional infliction of emotional distress, and that she was not claiming any emotional distress damages beyond "that which is normally experienced by plaintiffs under such circumstances." *Id.*

In determining whether or not to grant defendants' motion for a psychological examination of Smedley, the district court noted that plaintiff did not intend to present any expert testimony at trial, and that she did not seek damages for medical expenses incurred relating to any psychological injuries. *Id.* at 1232. The court concluded, "However, she does intend to present evidence of 'normal' emotional distress. Defendants argued that the examination is needed to refute such evidence." *Id.* at 1232. Without citing any authority in support of its position, and with no further analysis of the issue, the court simply stated that it agreed with defendants' arguments, and that it would thus grant defendants' motion to compel Smedley to submit to an independent psychological examination. *Id.*[2]

Finally, in *Zabkowicz v. West Bend Company,* 585 F.Supp. 635 (E.D.Wis.1984), a civil rights action in which plaintiffs, a husband and wife, alleged that they had suffered "extreme emotional distress" as a result of sexual harassment suffered by the female plaintiff at her place of employment, the defendants moved for an order permitting their psychiatrist to examine both plaintiffs. Citing no

riott Corporation, 103 F.R.D. 421 (D.Mass.1984) as supporting her position, and observed that *Cody* was "directly on point." However, the *Jansen* court stated that it disagreed with the analysis and conclusion reached in *Cody*. *See, infra,* section III.B.1.

authority, and without further analysis of the issues, the *Zabkowicz* court concluded, "Because the plaintiffs allege emotional distress, an examination by a nominee of the defendants is appropriate." *Id.* at 636.

These three cases are the exception. Most cases in which courts have ordered mental examinations pursuant to Rule 35(a) involve something more than just a claim of emotional distress. In *Peters v. Nelson,* 153 F.R.D. 635 (N.D.Iowa 1994), the plaintiff sued her stepgrandfather and his wife, alleging that she had been sexually abused by her stepgrandfather as a minor. *Id.* at 636. Peters' complaint alleged intentional infliction of emotional distress, battery, negligent infliction of severe emotional distress, outrageous conduct, and negligence. The Nelsons moved for mental examinations of Peters by both a psychiatrist and a neuropsychologist. The court quoted the Supreme Court opinion in *Schlagenhauf* at length, noting that in *Schlagenhauf,* the Court had held that the "in controversy" and "good cause" requirements of Rule 35 could not be met by "mere conclusory allegations of the pleadings," nor by "mere relevance to the case." *Peters,* 153 F.R.D. at 637, quoting *Schlagenhauf,* 379 U.S. at 118–19, 85 S.Ct. at 242. The *Peters* court continued,

> "A plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."

*Peters,* 153 F.R.D. at 637, quoting *Schlagenhauf,* 379 U.S. at 118–19, 85 S.Ct. at 243.

The *Peters* court held that, in order to be deemed to have put his or her mental condition in controversy, a plaintiff must assert "a claim of mental or psychiatric *injury.*" *Peters,* 153 F.R.D. at 638, citing *Tomlin v. Holecek,* 150 F.R.D. 628 (D.Minn.1993); *Cody v. Marriott Corp.,* 103 F.R.D. 421, 422

2. The *Smedley* opinion is the only opinion by any court within the Ninth Circuit addressing this issue.

(D.Mass.1984) (emphasis added). The court concluded that because Peters had asserted such claims, and because she had conceded that her mental condition was "in controversy," the examinations requested by the Nelsons should go forward. *Peters,* 153 F.R.D. at 638.

In *Tomlin v. Holecek,* 150 F.R.D. 628, the plaintiff, who had been employed as a security guard assigned to protect the premises of an encampment of nonunionized construction workers, was attacked during a demonstration by union sympathizers. The plaintiff brought a lawsuit in which he alleged that he had suffered "severe and permanent physical and emotional injuries." *Id.* at 629. In response to interrogatories, Tomlin indicated that he had been treated by two psychologists, and that both of them would testify at trial concerning the "psychological insult" that plaintiff suffered as a result of the incident. *Id.* At his deposition, Tomlin testified that he had suffered a psychological injury which had manifested itself through sexual dysfunction. *Id.*

In determining whether or not defendant's motion to compel Tomlin to undergo a psychological examination should be granted, the *Tomlin* court asserted that the term "mental" in Rule 35(a) referred to "mental disorders and psychiatric aberrations." *Id.* at 630, citing *Lee v. Gulf Fleet Marine Corp.,* 110 F.R.D. 307 (E.D.La.1986), *overruled on other grounds* by *Soudelier v. Tug Nan Services, Inc.,* 116 F.R.D. 429 (E.D.La.1987). The court stated, "To put his mental condition in controversy, a plaintiff must assert a claim of mental or psychiatric injury." *Tomlin,* 150 F.R.D. at 630, citing *Cody v. Marriott,* 103 F.R.D. at 422, noting that in *Schlagenhauf,* the Supreme Court had held that a plaintiff who asserts "mental or physical injury" places that injury in controversy, and thus provides defendant with good cause for an examination under Rule 35(a). The *Tomlin* court concluded:

> Therefore, as a consequence of the Plaintiff's assertion that he has sustained a severe and permanent psychological injury, and in view of his stated intent to prove that claim through the elicitation of expert psychological testimony, we find that the

Defendants have shown "good cause" for the examination of the plaintiff by [Defendants' expert].

*Id.*

In *Shepherd v. American Broadcasting Companies, Inc.,* 151 F.R.D. 194 (D.D.C. 1993), the plaintiffs sued their employer, ABC, and supervisors, alleging that defendants had engaged in various discriminatory practices in connection with plaintiffs' employment, and that defendants had retaliated against plaintiffs for attending a minority employees meeting. *Id.* at 196. Plaintiffs requested compensatory damages for the "emotional pain" they claimed to have suffered as a result of ABC's actions. ABC requested mental examinations of both plaintiffs pursuant to Rule 35(a). *Id.* at 212–13. The court stated that under the Rule, it could order plaintiffs to submit to a mental examination *if* their mental condition was in controversy, and if ABC showed good cause for such an examination. The court noted that both plaintiffs had submitted affidavits describing at length the emotional distress each claimed to have suffered because of ABC's actions. In addition, one of the plaintiffs had consulted a doctor about her emotional problems, and had offered the full text of the doctor's deposition in support of her claim that as a result of defendants' actions, she suffered from "Post–Traumatic Stress Disorder/Syndrome." *Id.* at 213. The other plaintiff claimed that he had been injured in the same way as the first plaintiff. *Id.* The *Shepherd* court concluded, "By these actions, plaintiffs have placed the existence and extent of their alleged mental injuries in controversy." *Id.* at 213, citing *Vinson v. Superior Court,* 43 Cal.3d 833, 239 Cal.Rptr. 292, 740 P.2d 404 (1987); *Lowe v. Philadelphia Newspapers,* 101 F.R.D. 296, 298–99 (E.D.Pa. 1983); *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543, 546 (S.D.N.Y.1978).

In *Massey v. Manitowoc Company, Inc.,* 101 F.R.D. 304 (E.D.Pa.1983), a products liability action, the plaintiff claimed total and permanent disability as a result of an injury he suffered while working for defendant company. Manitowoc filed a motion to compel Massey to submit to an interview and psychological testing with a rehabilitative psy-

chologist and vocational specialist, arguing that the examination was needed because Massey's physical and mental condition were at issue, and that the examination was necessary in order to reach an opinion regarding his employability. The court granted defendant's motion, noting that plaintiff did not dispute Manitowoc's assertion that Massey's physical and mental state were an important issue in the case. *Id.* at 306.

In *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296 (E.D.Pa.1983), plaintiff Lowe sued her employer for racial discrimination in failing to promote her, and for retaliation because she complained about discrimination. In her complaint, plaintiff asserted that defendant's actions had caused her "severe emotional and physical harm and distress," and sought both compensatory and punitive damages. Noting that, "Plaintiff contends that defendant has caused plaintiff personal injury by way of emotional distress so severe as to require psychiatric care for which compensatory and punitive damages are sought," the court held that by making this allegation, plaintiff had clearly put in issue her emotional and mental state of health. *Id.* at 298–99.

Finally, in *Anson v. Fickel,* 110 F.R.D. 184 (N.D.Ind.1986), which involved a complaint seeking compensation for injuries which plaintiff received in a traffic accident, the plaintiff sought compensation for both his physical injuries and for emotional distress. *Id.* at 186. Defendants requested a psychiatric examination of plaintiff, alleging that after the accident in question, plaintiff had been confined to a hospital, and that the hospital records reflected that, on occasion, plaintiff had attempted to conceal from, or fabricate his injuries to physicians in order to seek recovery of damages. *Id.* at 185.

Recognizing that mental examinations "may not be appropriate in every case where the plaintiff alleges emotional distress," the court noted that the case before it could not be categorized as "routine," in that, in addition to seeking medical treatment for physical injuries after the accident, the plaintiff had been required to seek psychiatric treatment, and that plaintiff's treatment had required him to be confined in a psychiatric ward. The court stated, "[I]t must be as-sumed that the plaintiff was experiencing problems which were more severe than the emotional distress which frequently accompanies personal injuries." *Id.* at 186. The court concluded that the nature and seriousness of the emotional distress claimed by plaintiff was an important issue in the lawsuit, and granted defendants' motion for a psychiatric examination. *Id.*

These cases suggest that courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

## 2. Cases in Which Courts have Refused to Order Mental Examinations

A number of courts have specifically held that a claim of emotional distress, without more, is not sufficient to place plaintiff's mental condition in controversy. In *Bridges v. Eastman Kodak Company,* 850 F.Supp. 216 (S.D.N.Y.1994), plaintiffs brought an action in federal court under the Civil Rights Act and also asserted pending state law claims under the New York Human Rights Law, alleging sexual harassment against their employer, Eastman Kodak, and various supervisors. The defendants requested an order, pursuant to Rule 35(a), requiring plaintiffs to submit to mental examinations. Plaintiffs objected, and requested a protective order. *Id.* at 220.

The *Bridges* court agreed with plaintiffs' argument that mental anguish was a component of both their federal and state sexual harassment claims, and that they were not making a separate claim based on the tort of intentional infliction of emotional distress. The court commented that plaintiffs' allegation was that "as a result of their abusive working conditions, they suffered injuries to their psychological well-being including emo-

tional pain, suffering, and mental anguish." *Id.* at 220–21.

The court then turned to the question whether defendants were entitled to conduct their own mental examinations of plaintiffs. The defendants maintained that they were entitled to conduct their own mental examinations of plaintiffs because plaintiffs had placed their mental condition in controversy by alleging emotional suffering and mental anguish. Plaintiffs argued that mental examinations were not warranted under the circumstances of their case. *Id.* The *Bridges* court noted that in some employment and sexual discrimination cases, courts had determined that plaintiffs had not affirmatively placed their mental conditions in controversy by alleging psychological injury, *Id.,* citing *Robinson v. Jacksonville Shipyards, Inc.,* 118 F.R.D. 525, 531 (M.D.Fla. 1988); *Cody v. Marriott Corp.,* 103 F.R.D. 421, but that other courts had reached the opposite conclusion. *Bridges,* 850 F.Supp. at 221, citing *Zabkowicz v. West Bend Co.,* 585 F.Supp. 635; *Everly v. United Parcel Services, Inc.,* No. 89–C 1712, 1991 WL 18429 *1, 1991 U.S.Dist. LEXIS 1255 *2 (N.D.Ill. Feb. 4, 1991).

The court observed that even in cases that did not involve allegations of sexual discrimination, there was considerable dissention among courts as to whether a plaintiff puts his or her mental condition in controversy by alleging emotional distress. *Bridges,* 850 F.Supp. at 222, citing *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296; *Brandenberg v. El Al Israel Airlines,* 79 F.R.D. 543; *Sabree v. United Brotherhood of Carpenters & Joiners, Local No. 33,* 126 F.R.D. 422, 426 (D.Mass.1989); *Hodges v. Keane,* 145 F.R.D. 332, 334 (S.D.N.Y.1993). The *Bridges* court concluded, "While there seems to be no hard and fast rule that can explain these different results, most cases where mental examinations have been allowed have either involved a separate tort claim for emotional distress, ... or an allegation of ongoing severe mental injury...." *Id.* at 222 (citations omitted). Concluding that neither situation existed in the case before it, the *Bridges* court denied

defendants' request for a mental examination of plaintiff. *Id.*

Similarly, in *Cody v. Marriott Corp.,* 103 F.R.D. 421 (D.Mass.1984), the court held that a claim for damages for emotional distress, alone, did not warrant a mental examination under Rule 35(a). In *Cody,* an employment discrimination case, the defendants moved for a court order requiring plaintiff to submit to a psychiatric examination, contending that she had placed her mental condition "in controversy" by alleging emotional distress. *Id.* at 422. The defendants contended that "emotional distress" was synonymous with "mental condition" as the term is used in Rule 35(a). *Id.* at 422 n. 2.[3]

The *Cody* court noted that defendants were correct in asserting that Rule 35(a) is to be construed liberally in favor of granting discovery, citing *Postell v. Amana Refrigeration, Inc.,* 87 F.R.D. 706, 707 (N.D.Ga.1980), but added that none of the Rules of Federal Civil Procedure should be expanded by disregarding "plainly expressed limitations." *Id.* at 422. The court stated,

"The 'good cause' and 'in controversy' requirements of Rule 35 make it very apparent that sweeping examinations of a party who has not affirmatively put into issue [her] own mental ... condition are not to be automatically ordered merely because the person" has made a claim of emotional distress.... "To hold otherwise would mean that such examinations could be ordered routinely" in cases where there is a claim of damages for emotional distress.

*Id., quoting in part Schlagenhauf,* 379 U.S. at 121–22, 85 S.Ct. at 244.

The *Cody* court held that plaintiff had not placed her mental condition "in controversy" within the meaning of Rule 35 by asserting a claim of damages for both physical and emotional distress. *Id.* at 422. Distinguishing the case before it from *Brandenberg,* (the case cited by defendants as supporting their position), the court noted that in *Brandenberg,* the plaintiff claimed that she had suffered "physical, emotional, mental stress and *mental and psychiatric injuries.*" *Id.* at 423, quoting *Brandenberg,* 79 F.R.D. at 545

---

**3.** The *Cody* court commented that defendants

cited no authority as support for this proposition.

(emphasis in original). The *Cody* court stated,

> Unlike the case *sub judice* where no psychiatric injuries are alleged, it is clear that where, as in *Brandenberg*, a plaintiff refers to specific mental and psychiatric injuries, the plaintiff is affirmatively placing into controversy a mental condition. Under those circumstances, it is appropriate for a court to order an examination.

*Id.*, citing *Massey*, 101 F.R.D. 304; *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296. The court concluded, "Plaintiff merely has made a claim of emotional distress, not a claim of psychiatric disorder requiring psychiatric or psychological counseling," and denied defendant's motion for a mental examination of plaintiff. *Cody*, 103 F.R.D. at 423.

Finally, in *Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33*, 126 F.R.D. 422 (D.Mass.1989), plaintiff sued defendant Union for racial discrimination in denying him membership, and sought damages for lost wages and emotional distress. *Id.* at 423. Defendant Union moved to compel disclosure of plaintiff's psychotherapist's records. In denying this motion, the court concluded that, "Sabree has not placed his mental condition at issue. Sabree makes a 'garden-variety' claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the alleged discrimination." *Id.* at 426, citing *Miller v. Colonial Refrigerated Transportation, Inc.*, 81 F.R.D. 741 (M.D.Pa.1979).

## C. LEGAL ANALYSIS

■ The weight of the authority on this issue establishes that in order for a party seeking to compel a psychiatric examination under Rule 35 to establish that the other party's mental condition is "in controversy" within the meaning of the Rule, the moving party must show more than that the party in question has claimed emotional distress.

■ At the hearing that was held in this case, defendants contended that, during the course of discovery, Robin Turner had elaborated extensively regarding how her mental anguish and emotional distress had manifested itself. The court invited defendants to supplement their request for a mental examination of plaintiff with specifics from plaintiff's deposition, or from other discovery, which would support defendants' request. However, defendants have offered no new information in response to the court's invitation.

Imperial Stores maintains that the fact that Turner asks for compensatory damages in excess of one million dollars for "humiliation, mental anguish, and emotional distress" justifies its request for a mental examination of her. A claim for damages in this amount, without more, does not alter this court's conclusion that Turner's claim for damages for emotional distress is basically a "garden-variety" one, and therefore does not warrant an independent mental examination. Defendant cites no cases supporting its contention that the amount of damages claimed for emotional distress, alone, is sufficient to justify a court-ordered examination.

This court concludes that "emotional distress" is not synonymous with the term "mental injury" as used by the Supreme Court in *Schlagenhauf v. Holder* for purposes of ordering a mental examination of a party under Rule 35(a), and specifically disagrees with those few cases holding that a claim for damages for emotional distress, without more, is sufficient to put mental condition "in controversy" within the meaning of the Rule. If this were the law, then mental examinations could be ordered whenever a plaintiff claimed emotional distress or mental anguish. Rule 35(a) was not meant to be applied in so broad a fashion.[4]

---

4. This court agrees that,
"... Sweeping examinations of a party who has not affirmatively put into issue [her] own mental ... condition are not to be automatically ordered merely because the person" has made a claim of emotional distress.... "To hold otherwise would mean that such examinations could be ordered routinely in cases where there is a claim of damages for emotional distress." *Cody*, 103 F.R.D. at 422, quoting in part *Schlagenhauf*, 379 U.S. at 121–22, 85 S.Ct. at 244–45.

## IV.

### CONCLUSION

Robin Turner has not placed her mental condition "in controversy" within the meaning of Rule 35(a) of the Federal Rules of Civil Procedure by claiming damages for "humiliation, mental anguish, and emotional distress." Turner has not brought a cause of action for either intentional or negligent infliction of emotional distress; she has not alleged that she suffers from a specific psychiatric injury or disorder as a result of defendants' conduct; she does not claim to suffer from unusually severe emotional distress; she does not intend to offer expert testimony regarding her emotional distress; and she has not conceded that her mental condition is "in controversy." Rather, she merely claims damages for emotional distress which she says that she suffered as a result of defendants' actions alleged in her complaint.

This court is unwilling to set a precedent requiring a party to undergo an independent psychiatric examination merely because the party claims damages for emotional distress in her complaint.[5] Defendants' Petition to Obtain Court Order for Mental Examination of Plaintiff Pursuant to Federal Rule of Civil Procedure 35(a) is therefore denied.

---

**5.** In her opposition to defendants' petition to obtain a court order for the mental examination of plaintiff, Turner argued that allowing defendants' psychiatrist to examine plaintiff and to testify about the results of that examination would invade the province of the jury. The court believes that the question whether an independent examination and testimony by defendants' expert would in fact invade the province of the jury bears on the issue of good cause. Because the court concludes that defendants have not established that Turner has placed her mental condition "in controversy," it does not reach the issue of whether "good cause" exists for such an examination.