Joyce SCHOFIELD, Plaintiff,

v.

**TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, Defendant.**

No. 94–CV–5887.

United States District Court, E.D. Pennsylvania.

May 4, 1995.

William H. Ewing, Deborah Weinstein, Connolly Epstein Chicco Foxman, Engelmyer & Ewing, Philadelphia, PA, for plaintiff.

Neil J. Hamburg, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

The plaintiff in this case, Joyce Schofield, is an African American woman and an employee of the defendant, the University of Pennsylvania. She has filed a complaint alleging that she was subjected to racial discrimination and sexual harassment at her place of work, and that she suffered psychological harm as a result. Because of the sensitive nature of the case, the parties entered into a stipulated agreement regarding confidentiality, which this Court approved on March 23, 1995. The Confidentiality Order restricts access to confidential documents to: (1) the Court; (2) the named parties in the action, including those officers and directors of Defendant deemed necessary to aid counsel in the defense of the action; (3) counsel to the parties; (4) court reporters; (5) witnesses at any deposition, trial or hearing in this action; and (6) others in certain circumstances. Ms. Schofield now brings this motion for a protective order that will further restrict access to her medical record, the deposition transcripts of psychologists and physicians, and Ms. Schofield's own deposition testimony relating to her medical condition (collectively, "the medical record"). The order she seeks would limit the distribution of such information to Defendant's counsel and to no more than two of the university's representatives.

■ This court is empowered to issue such an order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c). The movant has the burden of showing that a protective order is particularly needed to obviate a significant harm; broad allegations of harm will not suffice. *Trans Pacific Ins. Co. v. Trans–Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D.Pa.1991) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1988)). Here, Ms. Schofield contends that distribution of the medical record among the witnesses, many of whom are her friends and co-workers, will result in extreme embarrassment to her. Moreover, Ms. Schofield contends that there is no need to provide this information to the witnesses, as their testimony should not be influenced by the medical record, but should instead be based upon personal knowledge.

In its opposition to Ms. Schofield's Motion, Defendant cites *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296, 298–99 (E.D.Pa.1983), for the proposition that Ms. Schofield has waived her right to the confidentiality of her medical records by placing her medical condition at issue. But this argument misses the point, since Ms. Schofield seeks not the exclusion of the medical information, but a limitation on its distribution. We do find, however, that Ms. Schofield's proposed protective order is too restrictive, and therefore must be denied. The University of Pennsylvania is a large and complex institution, employing over 20,000 people. The responsibility for making decisions regarding the steps to take in defending this action is shared among a number of persons and departments. As a result, we think it unreasonable to compel Defendant to steer its way through this litigation with only two persons at the helm.

In so ruling, we are not unsympathetic to Ms. Schofield's concerns regarding the widespread distribution of the contested information among her co-workers. Defendant has not convinced us as to the need for every fact witness to be fully informed as to Ms. Schofield's medical state prior to offering his or her testimony. Thus, since the situation warrants the issuance of some sort of confidentiality order, we strongly encourage the parties to negotiate an agreement that properly balances Ms. Schofield's concerns for privacy with Defendant's need for flexibility in defending its case. It is clear from the parties' submissions that such common ground exists. For now, however, since the order Ms. Schofield seeks would unduly hamper Defendant's ability to defend the action, it must be denied.

An appropriate order follows.

### ORDER

AND NOW, this 4th day of May, 1995, upon consideration of Plaintiff's Motion for a Protective Order, and the response thereto, it is hereby ORDERED that said motion is DENIED.