Patricia FORD, Plaintiff,

v.

CONTRA COSTA COUNTY,
et al., Defendants.

No. C–97–3396–VRW.

United States District Court,
N.D. California.

May 1, 1998.

Eugene T. Franklin, Law Offices of Eugene T. Franklin, Hayward, CA, for Plaintiff.

Andrea W. Cassidy, Office of County Counsel, Martinez, CA, for Defendants.

## ORDER

WALKER, District Judge.

Plaintiff Patricia Ford brings this action alleging gender discrimination and constitutional violations against defendants. Ford is seeking, inter alia, damages for emotional and mental distress. Currently pending before the court is defendants' request for a court order compelling Ford to undergo a psychiatric evaluation.[1] The court construes this request as a motion to compel pursuant to FRCP 35(a). For the following reasons, the court will deny the motion.

It is well established that a party seeking to compel the psychiatric evaluation of an adverse party must demonstrate that (1) the adverse party's mental condition is in controversy and (2) there is good cause for the examination. See *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); see also FRCP 35(a). The party seeking to compel the evaluation bears the burden of affirmatively establishing the "in controversy" and "good cause" requirements. See *Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. 234.

The question before the court is whether defendants have met this burden. Specifically, the court must determine whether Ford's claim for emotional and mental distress (and her associated prayer for damages) places her mental condition in controversy for purposes of FRCP 35(a).

Although the Ninth Circuit has yet to answer this precise question, the bulk of the reported case law demonstrates that a claim

---

1. The court notes that the parties also submitted a dispute regarding the release of Ford's medical and psychological records. The parties have since resolved this matter, and so the court will not address it.

for emotional distress damages, by itself, is not sufficient to place the plaintiff's mental condition in controversy for purposes of FRCP 35(a). See *Turner v. Imperial Stores*, 161 F.R.D. 89, 92–97 (S.D.Cal.1995) (thoroughly surveying the relevant case law). Courts generally require the party seeking to compel the evaluation to establish an additional element. As the *Turner* court illustrated, the movant must also demonstrate that (1) the plaintiff has pled a cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has alleged a specific mental or psychiatric injury; (3) the plaintiff has pled a claim for unusually severe emotional distress; (4) the plaintiff plans to offer expert testimony to support a claim of emotional distress and/or (5) the plaintiff has conceded that his or her mental condition is "in controversy" for purposes of FRCP 35(a). See *id.* at 95.

Defendants have not established any of these additional elements. First, Ford has not pled a claim for negligent or intentional infliction of emotional distress. Second, Ford has made no special allegations with regard to a specific psychological injury. See *Cody v. Marriott Corp.*, 103 F.R.D. 421, 422, 422 n. 2 (D.Mass.1984). Third, Ford has not alleged unusually severe emotional distress. Fourth, Ford has not proposed any expert testimony to support her claim for emotional distress. See Franklin Let at 2. Fifth, Ford has not conceded that her mental condition is in controversy for purposes of FRCP 35(a). Because defendants have presented little more than Ford's prayer for emotional and mental distress damages, they have not met their burden under FRCP 35(a).

Defendants' reliance on *Smedley v. Capps, Staples, Ward, Hastings & Dodson*, 820 F.Supp. 1227, 1232 (N.D.Cal.1993), is misplaced. In *Smedley*, Judge Caulfield compelled the plaintiff to undergo a psychiatric evaluation because the plaintiff intended "to present evidence of 'normal' emotional distress." Although Judge Caulfield provided almost no explanation for her conclusion, the record suggests that she may have doubted whether the plaintiff's emotional distress claims were indeed normal. See *id.* at 1230.

This is consistent with her placement of quotation marks around the word normal. See *id.* at 1232. Judge Caulfield may have therefore concluded that the plaintiff in *Smedley* was alleging severe emotional distress and the case is thus distinguishable from the matter at bar.

If, on the other hand, Judge Caulfield actually found that the mere prayer for emotional distress damages places a plaintiff's mental condition in controversy for purposes of FRCP 35(a), the court declines to follow this ruling. See *Turner*, 161 F.R.D. at 93 (criticizing the conclusion and lack of discussion in *Smedley* ). To follow such a rule would not only run afoul of FRCP 35(a), but it would also subject innumerable plaintiffs to mandatory yet unnecessary psychiatric examinations. See *id.* at 97, n. 4 (citing *Schlagenhauf*, 379 U.S. at 121–22, 85 S.Ct. 234).

For the foregoing reasons, the court DENIES defendants' motion to compel Ford to submit to a psychiatric evaluation pursuant to FRCP 35(a).

IT IS SO ORDERED.