**Dr. Richard P. JOHNSON, Plaintiff,**

v.

**James B. PEAKE, Secretary of Veterans Affairs, Department of Veterans Affairs, Defendant.**

No. 08–2472.

United States District Court,
W.D. Tennessee,
Western Division.

Oct. 21, 2009.

412

Donald A. Donati, William B. Ryan, Bryce William Ashby, Donati Law Firm, LLP, Memphis, TN, for Plaintiff.

Linda Nettles Harris, William W. Siler, U.S. Attorney's Office, Memphis, TN, for Defendant.

### ORDER DENYING DEFENDANT'S RULE 35 MOTION FOR EXPERT EXAMINATION

BERNICE BOUIE DONALD, District Judge.

Before the Court is Defendant James B. Peake's ("Defendant") Rule 35 Motion for Expert Examination filed on September 25, 2009. (D.E. # 23.) Plaintiff Dr. Richard P. Johnson ("Plaintiff") has filed a response in opposition. For the reasons stated herein, Defendant's motion is **DENIED.**

Rule 35 of the Federal Rules of Civil Procedure provides that the Court "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). The Court may grant the order for an examination "only on motion for good cause[.]" Fed.R.Civ.P. 35(a)(2). Rule 35 thereby requires that the party's condition must be "in controversy" and further requires that "good cause" exist for the examination. These two requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

As Plaintiff correctly notes, " '[t]he majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or "garden variety" emotional distress.' " *Gaines–Hanna v. Farmington Pub. Schs.,* No. 04–CV–74910–DT, 2006 WL 932074, at *9 (E.D.Mich. April 7, 2006) (quoting *Stevenson v. Stanley Bostitch, Inc.,* 201 F.R.D. 551, 553 (N.D.Ga.2001)). Instead, a plaintiff's condition is "in controversy" when "one or more of the following factors are present: (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of claim for emotional distress damages; and/or (5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35." *Id.* (quoting *Stevenson,* 201 F.R.D. at 554); *see also Turner v. Imperial Stores,* 161 F.R.D. 89, 95 (S.D.Cal.1995). Furthermore, in eval-

uating the existence of "good cause" for an examination, the Court may consider whether there exist less intrusive means of evaluating the condition at issue, such as by reference to already existing medical records. *See Schlagenhauf,* 379 U.S. at 118–19, 85 S.Ct. 234.

The instant case involves allegations of unlawful discrimination on account of Plaintiff's perceived disability and retaliation for Plaintiff's participation in protected activity. In Plaintiff's complaint, he seeks, as an element of damages, recovery for "deep pain, humiliation, anxiety, and emotional distress" resulting from Defendant's alleged actions. (Pl.'s Compl. ¶ 29.) The Court finds that this only constitutes a claim for ordinary or "garden variety" mental and emotional distress which does not itself warrant a Rule 35 examination. Furthermore, Plaintiff does not allege a cause of action for intentional or negligent infliction of emotional distress, does not allege that he has suffered any particular mental or psychological injury, and does not seek damages for permanent psychological injury. Although Plaintiff has disclosed two treating physicians in his Rule 26 disclosures, Plaintiff has now amended his disclosures and states that he will not seek to offer expert testimony on his mental or psychological condition.

Therefore, the Court finds that Defendant has not shown that Plaintiff's mental condition is "in controversy" and has not demonstrated "good cause" for an examination as required by Rule 35 of the Federal Rules of Civil Procedure.[1] Accordingly, Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

1. Plaintiff also argues that Defendant's motion is deficient for failing to specify "the time, place, manner, conditions, and scope of the examina-tion" as required by Rule 35(a)(2). The Court need not address this argument.