**Mary Beth O'QUINN, Plaintiff,**

v.

**NEW YORK UNIVERSITY MEDICAL CENTER, Defendant.**

**No. 93 Civ. 7037 (CBM).**

United States District Court, S.D. New York.

July 23, 1996.

Vladeck, Waldman, Elias & Engelhard, P.C. by Laura S. Schnell, Carrie H. Cohen, New York City, for Plaintiff.

Anderson Kill Olick & Oshinsky, P.C. by Dona S. Kahn, New York City, for Defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

On June 14, 1996, the jury in this case found that defendant had discriminated against plaintiff in the terms and conditions of her employment based on her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), and related State and Municipal Laws. The

jury also found that defendant had retaliated against plaintiff by terminating her after she had complained that defendant had wrongfully denied her a promotion based on her sex. Plaintiff has moved now for an order granting pre-judgment interest and reinstatement with retroactive seniority. As is more fully set forth below, the motion is granted in part.

## BACKGROUND

The basic facts of the underlying dispute are set forth in this court's previous decision in this case denying defendants' pre-trial motion to conduct a mental examination of plaintiff and familiarity therewith is assumed. *See O'Quinn v. New York University Medical Center,* 163 F.R.D. 226 (S.D.N.Y.1995). Subsequent to that decision, a jury trial was held in which the jury returned a verdict for plaintiff on her claim that she had been denied a position as Project Manager in defendant's Plant Maintenance and Construction Department.[1] Additionally, the jury found that plaintiff's subsequent termination during a reduction-in-force carried out by defendant was in retaliation for plaintiff having complained about the sex discrimination she believed she had suffered. Plaintiff was awarded an amount of $158,000.00 in back pay. The jury found further that plaintiff was entitled to $150,000.00 in compensatory damages for the pain and suffering she had endured as a result of defendants' illegal actions. Plaintiff was also awarded $500.00 in punitive damages. At the close of the trial, the court ordered plaintiff restored to employment with defendants as Project Manager.

Plaintiff now seeks (1) pre-judgment interest on her back pay and compensatory damages award, (2) to be reinstated at the salary level of the individual who was hired by defendant to fill the position of Project Manager to which plaintiff originally applied and (3) to enjoy seniority retroactive to February 1992 (the time she would have been promoted but for defendants' invidious discrimination).

---

1. The jury found that defendant had not discriminated against plaintiff based on her sex when it denied her the position of Senior Project Manag-

er on two occasions subsequent to her application for the position of Project Manager.

## ANALYSIS

### I. PLAINTIFF IS ENTITLED TO PRE-JUDGMENT INTEREST.

#### A. The Award.

■ "The purpose of prejudgment interest is compensatory." *Zicherman v. Korean Air Lines Co., Ltd.,* 814 F.Supp. 605, 608 (1993) (citing *United States v. Seaboard Surety Co.,* 817 F.2d 956, 966 (2d Cir.), *cert. denied,* 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 115 (1987) (citations omitted)), *aff'd in part on relevant grounds and reversed in part on other grounds,* 43 F.3d 18 (2d Cir. 1994), *aff'd in part and reversed in part on different grounds,* — U.S. —, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996). The decision to award pre-judgment interest is vested in the sound discretion of the trial court. *Zicherman,* 814 F.Supp. at 608.

■ In *Wickham Contracting Co., Inc. v. Local Union No. 3, International Brotherhood of Elec. Workers, AFL–CIO,* 955 F.2d 831 (2d Cir.), *cert. denied,* 506 U.S. 946, 113 S.Ct. 394, 121 L.Ed.2d 302 (1992), the Second Circuit found that the award of prejudgment interest in a given case is a function of weighing the following factors:

> (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.

955 F.2d at 834 (citations omitted).

■ Taking the third of the *Wickham* factors first, the award of pre-judgment interest is appropriate in Title VII cases as part of plaintiff's " 'complete compensation.' " *Loeffler v. Frank,* 486 U.S. 549, 558, 108 S.Ct. 1965, 1971, 100 L.Ed.2d 549 (1988) (quoting *West Virginia v. United States,* 479 U.S. 305, 310, 107 S.Ct. 702, 706, 93 L.Ed.2d 639 (1987)). *See also Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 145 (2d Cir. 1993) ("Title VII authorizes a district court to grant pre-judgment interest on a back pay award."), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994) (citing *Clarke v. Frank,* 960 F.2d 1146, 1153–54 (2d Cir.1992)). Indeed, " 'it is ordinarily an abuse of discretion *not* to include pre-judgment interest in a back-pay award. . . .' " *Clarke,* 960 F.2d at 1154 (emphasis and alteration in original).

■ Looking to other relevant factors, plaintiff suffered the initial discriminatory denial of promotion to Project Manager over four years ago. There is certainly no reason to withhold pre-judgment interest on claims for back pay where plaintiff has proven that she would have received such pay but for defendants' discriminatory actions. Denial of such relief would not only result in a windfall to defendant but would also create an incentive to delay the expeditious resolution of such disputes.

■ Thus, several of the *Wickham* factors are met, namely: the need for full compensation, the obvious remedial purposes of Title VII and the equities involved in withholding interest on payment wrongly denied plaintiff. Accordingly, plaintiff is granted prejudgment interest on the back pay award. *See, e.g., Miner v. City of Glens Falls,* 999 F.2d 655, 662 (2d Cir.1993) (affirming trial court's award of pre-judgment interest on back pay award); *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 281–82 (2d Cir.1987) (holding plaintiff may receive pre-judgment interest on award of back pay for payment otherwise wrongly withheld).

■ With regard to the compensatory damages award, the court finds that the same equities mitigate in favor of granting plaintiff pre-judgment interest. *See, e.g., Zicherman,* 814 F.Supp. at 611. Citing *Miner, supra,* 999 F.2d at 662, *McIntosh v. Irving Trust Co.,* 873 F.Supp. 872 (S.D.N.Y. 1995) and *Luciano v. The Olsten Corp.,* 912 F.Supp. 663 (E.D.N.Y.1996), however, defendant objects to the award of pre-judgment interest on plaintiff's compensatory damages award. (See Def.'s Mem. in Opp. to Plf.'s Mot. for Pre–Judg.Interest, Etc., at 1–2.) The decisions in *Miner* and *Luciano* cited by defendant fail to discuss the issue in dispute.[2]

---

2. Indeed, the court in *Rao v. New York City Health and Hosps. Corp.,* 882 F.Supp. 321, 327

*McIntosh* is also distinguishable from the instant dispute because the claims there arose prior to the effective date of the 1991 amendments to Title VII. Under prior law, compensatory damages were only recoverable under plaintiff's state law claims and the relevant state provisions precluded recovery of pre-judgment interest on such claims. 873 F.Supp. at 881–82 and n. 10. Moreover, language in *McIntosh* cited by defendant— which notes that an award of compensatory damages is "not so easily calculated," "represents the jury's translation into monetary terms a loss difficult to quantify," "is not easily divided into specific periods like back pay and it does not represent an amount that the defendant has withheld from the plaintiff in the same way that awards in contract or property actions do," 873 F.Supp. at 882—is inapposite here because plaintiff sought damages for a limited period of time: from February 1992, when she was first denied a promotion, through February 1995, when she found another job after she was terminated. The difficulties that can arise when attempting to award pre-judgment interest to an award of compensatory damages noted in *McIntosh* are less relevant here because plaintiff's mental anguish occurred during a finite period of time. That plaintiff's suffering can be narrowed down to a specific time period in the past favors an award of pre-judgment interest because it cannot be assumed that the jury compensated the plaintiff for interest from the time her suffering ended. 873 F.Supp. at 882. Rather, the jury was charged with compensating plaintiff for damages incurred for a very specific period of time and was not instructed to take into account the amount of interest to which plaintiff might be entitled. Plaintiff's award accrued fully at the end of that period and there is no reason to consider this award against any measure different from plaintiff's award of back pay. *Cf. Malarkey v. Texaco, Inc.,* 794 F.Supp. 1237, 1243 (S.D.N.Y.1992) (noting propriety of awarding pre-judgment interest in light of absence of jury instructions concerning applicable interest rate for back pay award), *aff'd on other grounds,* 983

F.2d 1204 (2d Cir.1993). Accordingly, because similar factors are present when considering the compensatory damages award as those that arise with regard to the back pay award—i.e., plaintiff's right to full compensation, the remedial purposes of Title VII, and the equities involved in withholding interest on compensation—plaintiff is entitled to pre-judgment interest on her compensatory damages as well. *Zicherman,* 814 F.Supp. at 611.

### B. The Rate and Method of Calculating Such Award.

#### 1. Interest rate.

■■■■ The decision concerning what rate of pre-judgment interest to apply, like the decision to grant pre-judgment interest, is one committed to the sound discretion of the trial court. *Chandler v. Bombardier Capital, Inc.,* 44 F.3d 80, 84 (2d Cir.1994). Although plaintiff urges the court to adopt the statutory interest rate under New York law of 9%, the court agrees with other courts in this Circuit that have applied the United States treasury bill rate referred to in 28 U.S.C. § 1961. *See Stratton v. Dep't. for the Aging for the City of New York,* 91 Civ. 6623, 1996 WL 352909 (S.D.N.Y. June 25, 1996); *Dailey v. Societe Generale,* 889 F.Supp. 108, 114 n. 4 (S.D.N.Y.1995); *Rao v. New York City Health and Hospitals Corp.,* 882 F.Supp. 321, 327, 329 (S.D.N.Y.1995); *McIntosh,* 873 F.Supp. at 882–84; *Frank v. Relin,* 851 F.Supp. 87, 91 (W.D.N.Y.1994).

#### 2. Methodology.

■■■■ Because of the compensatory purpose of awarding pre-judgment interest, it is appropriate to utilize a methodology to calculate the award that will make plaintiff whole, *Saulpaugh, supra,* 4 F.3d. at 145, while at the same time insuring that plaintiff does not recover interest on claims prior to their accrual. *Chandler,* 44 F.3d at 84; *McIntosh,* 873 F.Supp. at 883. Accordingly, interest must be compounded and applied to portions of the earnings and compensatory damages award in a manner that will best

(S.D.N.Y.1995) expressly distinguished *Miner* on grounds that "[t]he district court did not grant prejudgment interest on damage awards for emo-

tional distress and lost pension benefits and the court of appeals did not address its refusal to do so."

reflect the progression, over time, of the damages plaintiff sustained. *See, e.g., Luciano,* 912 F.Supp. at 677; *Dailey* 889 F.Supp. at 114. With these concerns in mind, the court adopts the basic framework described in *McIntosh, supra.* First, the back pay and compensatory awards should be spread, *pro rata,* over the relevant time-frame.[3] Second, the average annual United States treasury bill rate during this period shall be applied. Third, interest shall be compounded annually. *McIntosh,* 873 F.Supp. at 883–84; *Luciano v. Olsten Corp.,* 912 F.Supp. at 677.

## II. PLAINTIFF IS ENTITLED TO RETROACTIVE SENIORITY.

 Retroactive seniority is "ordinarily considered to be a relatively fundamental form of relief" in discrimination cases. *Sands v. Runyon,* 28 F.3d 1323, 1329 (2d Cir.1994).

 In the instant case, as the jury found, but for defendant's discriminatory denial to plaintiff of the promotion to Project Manager in February 1992 she would have received such promotion. Had defendant not terminated plaintiff in a retaliatory manner she would have worked as Project Manager to this day. Accordingly, plaintiff is entitled to receive retroactive seniority, benefits and salary commensurate with that of an individual with over four years' experience as a Project Manager in addition to any experience she possessed previously.

Plaintiff has also moved for reinstatement to a position with a salary equivalent to that received by Stephen Weinstein, the individual who was hired as a Project Manager in February 1992 instead of plaintiff and subsequently promoted to Senior Project Manager. Testimony by defendant's witnesses revealed that Mr. Weinstein had the requisite experience to receive the promotion to Senior Project Manager. Testimony adduced at trial revealed that plaintiff did not have the

same amount of experience and the jury's verdict—the finding that she failed to show that the denial of the promotion to Senior Project Manager was discriminatory—could be construed to reflect her apparent shortfall in qualifications for that position. Accordingly, plaintiff is entitled to reinstatement to the position of Project Manager and to receive only the salary she would have received in February 1992 as a Project Manager, with any subsequent increases in salary and benefits she may be entitled to over time given the retroactive seniority the court deems her to possess.

## CONCLUSION

For the reasons set forth above, plaintiff's request for pre-judgment interest and for retroactive seniority is granted. Plaintiff's request to be reinstated at the salary level of Stephen Weinstein is denied and plaintiff's current salary level should comport with the guidelines set forth above.

## ORDER

In accordance with the Memorandum Opinion filed simultaneously herewith, plaintiff's request for pre-judgment interest and for retroactive seniority is GRANTED. Plaintiff's request for reinstatement at the salary level of Stephen Weinstein is DENIED.

It is further ORDERED that plaintiff shall submit to the court a proposed order calculating the pre-judgment interest to which she is entitled as set forth in the accompanying Memorandum Opinion.

---

3. Because plaintiff was subject to several discriminatory acts over the period of time for which compensation was sought, it is appropriate to treat the compensatory damages award like back pay for the purposes of calculating pre-judgment interest: i.e. that it accrued in portions over time. Unlike the back pay award, however, the compensatory damages award should be di-

vided up into equal portions for the years during the period for which compensatory damages were sought: February 1992 through February 1995. With the back pay, the award should be divided up in equal portions through the date of judgment and interest on both awards should be calculated through that date.