**Richard HODGES, Plaintiff,**

v.

**John P. KEANE and K. Goewey, Defendants.**

**Richard HODGES, Plaintiff,**

v.

**James E. SULLIVAN, Supt.; Lt. K. Goewey; Sgt. G. Roberts; C.O. R. Martinez; and Ronald F. Cote, Defendants.**

Nos. 89 Civ. 1805(SS), 88 Civ. 2279(SS).

United States District Court,
S.D. New York.

Jan. 6, 1993.

Kramer, Levin, Naftalis, Nessen, Kamin & Frankel by Geoffrey Potter, New York City, for plaintiff.

New York State Attorney General's Office by Barbara Demchuk, Marcie Mintz, New York City, for defendants.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

The superintendent of the Green Haven Medical Facility and various correction officers, who together comprise the defendants in these actions, have moved for an order pursuant to Fed.R.Civ.P. 35(a) compelling plaintiff Richard Hodges ("Hodges") to submit to a medical examination by a board-certified psychiatrist or clinical psychologist licensed to practice in the state of New York. For the reasons set forth below, defendants' motion is granted, but subject to certain limitations ordered pursuant to Fed.R.Civ.P. 26(c).

## I. BACKGROUND

Hodges has been an inmate at the Green Haven Correctional Facility at all times relevant to this action. He has brought these actions pursuant to 42 U.S.C. § 1983, asserting that defendants engaged in a systematic pattern of harassment, intimidation and retaliation for his vigorous and sometimes successful challenges to unlawful prison procedures and to corrections officers' violations of his and other prisoners' civil rights.

According to Hodges, defendants have falsely accused him since 1987 of physical and sexual assault of other prisoners, failure to appear at hearings, and dousing correction officers with water and coffee, and have subjected him to disciplinary proceedings for these and other baseless charges. Some of these proceedings re-

sulted in solitary confinement and loss of "good time" served. Some, if not all, of the findings were successfully challenged at further hearings or court proceedings.

Defendants contest all of plaintiff's assertions. They allege that Hodges has a history of paranoid schizophrenia which has affected his perception of the events underlying these actions and which may affect his testimony at trial. In this motion, they seek a mental examination of Hodges to resolve these issues. They contend that a "current psychological examination of plaintiff by a forensic psychiatrist" is necessary to "ascertain the validity of [the] initial diagnosis; [its] historical development; [its] presence at the beginning of this litigation" and to determine "the extent to which it is present today." Affidavit of Barbara Demchuk In Support of Defendants' Motion Pursuant to Rule 35(a), ¶ 3. In essence, defendants maintain that a medical examination can determine whether Hodges was a pathological liar suffering from paranoid schizophrenic delusions of persecution affecting his memory and perception of events at the time of the events relevant to these actions and at the trial itself.

## II. DISCUSSION

■ Fed.R.Civ.P. 35(a) provides, in pertinent part:

ORDER FOR EXAMINATION.—When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Thus, Rule 35(a) requires that the party seeking an examination show that the mental or physical condition of the party whose examination is sought is in controversy and that good cause exists for the examination.

*Schlagenhauf v. Holder*, 379 U.S. 104, 111, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964). However, "mere conclusory allegations of the pleadings" or "mere relevance to the case" will not suffice. *Id.*, 379 U.S. at 118, 85 S.Ct. at 242. Rather, the moving party must make "an affirmative showing that ... [the] condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering [the] particular examination." *Id.* The moving party must "produce sufficient information, by whatever means, so that the district judge can fulfill his function as mandated by the Rule." *Id.*, 379 U.S. at 119, 85 S.Ct. at 243.

■ In these Section 1983 actions, Hodges seeks compensatory and punitive damages for the pain and suffering "inflicted ... by virtue of ... repeated and unlawful placement in restrictive confinement." *See* Complaint, ¶ 51(I). He does not claim that the treatment he received from defendants has resulted in ongoing pain and suffering requiring psychiatric treatment. Rather, he asserts that he suffered pain and suffering at the time his rights were violated. This distinction is important. Had plaintiff elected to assert the existence of an ongoing mental illness resulting from defendants' acts or omissions, defendants would undoubtedly be entitled to an order under Rule 35(a) allowing them to conduct a psychiatric evaluation to determine the existence of such a condition. *See, e.g., Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941).

Rather, Hodges alleges *past*, not present, pain and suffering. Consequently, a Rule 35(a) order lies soundly within the court's discretion. *Compare Sabree v. United Broth. of Carpenters & Joiners*, 126 F.R.D. 422, 426 (D.Mass 1989) (mental health is not placed in issue by "garden-variety claim of emotional distress" and mental examination not warranted) and *Cody v. Marriott Corp.*, 103 F.R.D. 421, 423 (D.Mass.1984) (petition to compel medical examination denied where plaintiff makes claim of past emotional distress rather than of ongoing psychiatric disorder) *with Zabkowicz v. West Bend Co.*, 585

F.Supp. 635 (E.D.Wis.1984) (allegations of emotional distress from sexual harassment placed mental condition at issue, allowing for order to compel psychiatric evaluation).

Indeed, to find that allegations of past pain and suffering necessarily triggered the Rule 35(a) threshold of placing one's "mental condition in controversy" would open the floodgates to requests for mental examinations whenever a plaintiff alleged past pain and suffering in a routine Section 1983 case. The First Circuit no doubt recognized this when it held that a district court may deny a Rule 35(a) motion where there is no allegation of an ongoing or permanent mental injury and where there is no evidence of past mental illness. *Coca–Cola Bottling Co. of Puerto Rico v. Negron Torres,* 255 F.2d 149, 153 (1st Cir. 1958).

In these cases, however, the plaintiff's mental condition is relevant not only to the extent of his past pain and suffering, but to its cause—*i.e.,* to the very existence of the claimed Section 1983 violations. The defendants maintain that the purported events underlying Hodges' allegations are themselves merely the by-product of Hodges' paranoid-schizophrenic condition. Moreover, they have produced medical records documenting the existence of such a condition over a substantial period of time.[1]

■ These records, coupled with the affidavit testimony of Dr. Raymond Broaddus, who stated that plaintiff's prior history of mental illness makes it more likely than not that he suffered and may still suffer from the condition, suggest to the Court that Hodges may suffer from a mental condition that impairs his ability to perceive and evaluate the actions of others. Indeed, they constitute sufficient evidence to place "in controversy" plaintiff's motive to fabricate, and they are relevant to issues of causation. Since these issues go to the heart of plaintiff's claims—namely the very existence of the alleged violations—they

also satisfy the good cause requirement recognized in *Schlagenhauf.* Of course, a mere allegation that a party may be a pathological liar will not necessarily suffice for a Rule 35(a) motion to be granted. Here, however, the compelling documentary evidence raises sufficient questions for the Court to invoke its discretionary powers to order such an examination.

The admissibility at trial of the results of the medical reports and the Rule 35(a) examination presents a different question altogether. Except under limited circumstances, Fed.R.Evid. 608 prohibits extrinsic evidence on issues of credibility. However, the medical records that defendants have collected may be admissible for other purposes or under Fed.R.Evid. 607 to challenge plaintiff's mental capacity. This Court, nevertheless, is cognizant that the psychiatric testimony sought by defendants might be sufficiently prejudicial and confusing so as to bar admission at trial under Fed.R.Evid. 403. The parties, therefore, are admonished that this Court's decision on the Rule 35(a) motion should not be interpreted as a decision on the admissibility of this evidence if proffered at trial. Plaintiff can make any motions he deems appropriate under Fed.R.Evid. 403 before and during trial. The Court, however, will be in a better position to evaluate an evidentiary proffer concerning plaintiff's mental condition if the Rule 35(a) motion is granted.

■ The Court recognizes that its decision places a significant financial burden on an indigent plaintiff who must address the admissibility and use of any evidence that arises from the requested examination. This burden may be unfair where, as here, the basis for a medical conclusion about plaintiff's past condition may be tentative. Accordingly, pursuant to Fed.R.Civ.P. 26(c), the defendants are ordered to pay the cost for the indigent plaintiff to hire an

1. The summary of plaintiff's mental health records from October 24, 1975 through March 26, 1987 describes plaintiff's personality as anti-social, paranoid schizophrenic, and delusional. The records suggest that Hodges suffers from a long-standing persecution complex. Indeed, they refer to his insistence that there is a transmitter implanted in his scalp. *See* Defendants' Memorandum of Law at 6–20. On at least one occasion, plaintiff's condition has been considered severe enough to render him "unable to stand trial." *Id.* at 9.

expert to address or rebut any opinion that defendants' expert may proffer at trial.

### III. CONCLUSION

For the reasons set forth above, defendants' motion is GRANTED. Defendants shall submit to the Court within one business week of the filing of this Order a draft order setting forth the exact date, time, place, manner, conditions, and scope of the examination and the person by whom it is to be made; and encompassing the Court's ruling with respect to the payment of costs for the plaintiff's expert at the expert's normal and ordinary rates for work of this type.

Since defendants have not provided sufficient grounds to support their request that this Court direct plaintiff's counsel not to reveal the content of the mental health records discussed in Defendants' Memorandum, this request is DENIED.

SO ORDERED.