Naima E. CURTIS, Plaintiff,

v.

EXPRESS, INC., sued as Limited Express, Inc., Defendant.

No. 93–CV–514.

United States District Court,
N.D. New York.

Oct. 17, 1994.

Kohn, Bookstein & Karp, P.C., Richard A. Kohn, Albany, NY, for plaintiff.

Whiteman, Osterman & Hanna, Boty McDonald, Albany, NY, for defendant.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### BACKGROUND

On April 3, 1993, plaintiff filed this action against her former employer, Limited Express, Inc., alleging racial discrimination. Plaintiff's remaining claims are brought under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law alleging racial harassment, retaliatory discharge, and hostile work environment. Plaintiff seeks compensatory damages under the New York Human Rights Law for emotional distress.

On June 16, 1994, Magistrate Judge Hurd signed an order which, *inter alia,* denied defendant's request for a mental examination of plaintiff in regard to her claim for compensatory damages for emotional distress. The Magistrate's order does not indicate the basis on which he denied the motion. On June 27, 1994, defendant filed a motion for reconsideration of that portion of Magistrate Hurd's June 16, 1994 order which denied its request to conduct a mental examination of the plaintiff.

Defendant claims that plaintiff has placed her mental condition at issue by seeking

468

compensatory damages for emotional distress and has asserted the continuing nature of her emotional distress in her complaint and answers to interrogatories, including answers given after a deposition in which plaintiff stated that she only suffered past emotional distress. Thus, defendant believes that it should be entitled to a mental examination of the plaintiff. Defendant acknowledges, however, the fact that plaintiff does not make a separate claim for emotional distress, but rather seeks damages for emotional distress under New York Human Rights Law.

Plaintiff counters this argument by asserting that in deposition testimony, she stated that she is not alleging any ongoing psychological injury or disorder and that her claim under New York Human Rights Law was only for the past emotional distress caused by the allegedly offensive conduct of defendant's employee. Plaintiff states that her emotional distress resulting from alleged racial harassment consisted of difficulty in sleeping, loss of appetite and difficulty concentrating and that these symptoms ended by December 1990. Plaintiff notes that she visited a counsellor regarding these problems once on August 29, 1990, no treatment or follow up was ordered, no specific diagnosis of mental or psychiatric injury was made, and plaintiff did not feel it necessary to return for further counselling. Plaintiff notes that the defendant is already in receipt of the medical records from that visit, and examination of her current mental state would not be probative to the claim. She asserts that she does not allege any psychological disorder and will not offer expert testimony regarding her mental health at trial.

■ In order to obtain the court's permission to conduct a mental or physical examination of plaintiff, Fed.R.Civ.P. 35(a) requires that plaintiff's mental condition be in controversy and that good cause be shown as to the necessity of such an examination. Fed.R.Civ.P. 35(a). The plaintiff's right to avoid the invasion of a mental examination must be balanced against defendant's right to a fair trial. *Lowe v. Philadelphia Newspapers, Inc.,* 101 F.R.D. 296, 298 (E.D.Pa.1983).

However, the "in controversy" and "good cause" requirements are not simple formalities and are met neither by the "mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964). There are scenarios in which the pleadings themselves form a sufficient basis to meet the requirements of Rule 35, such as in negligence actions where plaintiffs allege mental or physical injuries. *Id.* However, other courts have rejected this rationale in employment discrimination cases. *See Cody v. Marriott Corp.,* 103 F.R.D. 421, 422–23 (D.Mass.1984). Even if good cause is shown, it is still within the court's discretion to determine whether to order an examination. *Stinchcomb v. United States,* 132 F.R.D. 29, 30 (E.D.Pa.1990).

As defendant asserts, a plaintiff's mental condition may be relevant in suits involving claims under the New York Human Rights Law. *Bridges v. Eastman Kodak Co.,* 850 F.Supp. 216, 221 (S.D.N.Y.1994). Mental distress may be relevant to the Human Rights Law claim when plaintiff seeks compensatory damages for emotional distress under the statute. *Id.* Nonetheless, the courts have reached conflicting conclusions as to whether a plaintiff has put her mental condition in controversy when making a claim of employment discrimination by alleging psychological injury. *See Robinson v. Jacksonville Shipyards, Inc.,* 118 F.R.D. 525, 531 (M.D.Fla.1988) (holding that plaintiff did not put her mental condition in controversy by making a Title VII claim for backpay for days lost due to the stress of a hostile work environment); *Cody,* 103 F.R.D. at 422 (finding that plaintiff did not place her mental condition in controversy by claiming damages for physical and emotional distress in her employment discrimination action); *but see Zabkowicz v. West Bend Co.,* 585 F.Supp. 635, 636 (E.D.Wis.1984) (finding it proper to conduct a mental examination of plaintiffs who claimed emotional distress under Title VII).

Mental examinations have been ordered in other cases of alleged racial discrimination under Title VII where plaintiff sought compensatory and punitive damages for severe physical and emotional distress. *See Lowe,* 101 F.R.D. at 298–99. In *Lowe* the court held that plaintiff had placed her mental condition in controversy by making the allegations of emotional distress. *Id.* at 299. However, in other racial discrimination actions, the court has ruled that plaintiff did not place her mental condition at issue by making a "garden-variety" claim for emotional distress where she did not allege psychic injury or a psychiatric disorder. *See Sabree v. United Brotherhood of Carpenters & Joiners, Local No. 33,* 126 F.R.D. 422, 426 (D.Mass.1989).

■ Although the determinations under Rule 35 are made on a case-by-case basis, the Southern District of New York has observed that most cases in which a mental examination has been ordered have involved either "a separate tort claim for emotional distress or an allegation of ongoing severe mental injury." *Bridges,* 850 F.Supp. at 222. It is clear that there is no separate tort claim for emotional distress in this case. However, there is argument as to whether plaintiff is claiming an ongoing severe mental injury; defendant argues that she is and plaintiff claims that she is not.

■ There is no doubt that plaintiff has claimed ongoing emotional distress in her complaint and in answers to interrogatories. However, plaintiff now asserts in this motion that her claim for compensatory damages is only for past emotional distress resulting from the alleged racial harassment she suffered at her job and that she makes no claim of mental or psychiatric disorder. (Pltf.Memo at 7). Plaintiff cites her deposition testimony to show that she claims only past emotional distress and states that her distress ended by December 1990. (Pltf.Memo at 7). These statements make clear that plaintiff is not planning to put forth a claim of ongoing emotional distress at trial. Thus, the court recognizes that she will only bring her past emotional condition into question at trial.

It has been noted that to find allegations of past pain and suffering place a plaintiff's mental condition in controversy would "open the floodgates to requests for mental examinations whenever a plaintiff alleged past pain and suffering." *Hodges v. Keane,* 145 F.R.D. 332, 335 (S.D.N.Y.1993). Rule 35 does not dictate that mental examinations are to ordered routinely simply because plaintiff has made a claim for damages due to emotional distress. *Cody,* 103 F.R.D. at 422. Just as in the court in the *Bridges* case, this court finds that in the absence of a separate tort claim for emotional distress, and given the fact that plaintiff only presents a claim for past mental suffering, there is no basis for a Rule 35(a) order requiring a mental examination. *See Bridges,* 850 F.Supp. at 222. Since plaintiff has confirmed by way of this motion that she will only bring her past emotional condition into issue, there is no need to conduct a mental examination at this time. Defendant's motion for reconsideration of section 5 of Magistrate Judge Hurd's June 16, 1994 order is hereby denied.

**IT IS SO ORDERED.**