**Mary Beth O'QUINN, Plaintiff,**

v.

**NEW YORK UNIVERSITY MEDICAL CENTER, Defendant.**

**No. 93 CIV 7037(CBM).**

United States District Court,
S.D. New York.

Sept. 21, 1995.

Vladeck, Waldman, Elias & Engelhard, P.C. by Laura S. Schnell, for Plaintiff.

S. Andrew Schaffer by Terrence J. Nolan, for New York University.

Anderson Kill Olick & Oshinsky, P.C. by Dona S. Kahn, for Defendant.

**MEMORANDUM OPINION ON
RULE 35(a) MOTION**

MOTLEY, Senior District Judge.

The instant case, based on alleged employment discrimination, is presently before the

court because defendant has moved for an order pursuant to Rule 35(a) of the Fed. R.Civ.P. directing plaintiff to submit to a psychiatric examination. For the reasons stated below, the motion is denied.

## I. BACKGROUND

Plaintiff O'Quinn alleges that while employed by the New York University Medical Center (NYUMC) she suffered discrimination in the terms and conditions of her employment because of her sex. The second amended complaint in this action (hereinafter "the complaint") alleges that the discriminatory treatment began when plaintiff was denied a promotion to a position that was ultimately filled by a less-qualified male. Complaint, at para. 15. After Ms. O'Quinn complained to her superior of this treatment, the following allegedly occurred:

> [P]roject management responsibilities were removed from plaintiff without justification ... [T]he budget on a project for which plaintiff was responsible was reduced without justification and without consulting her. Plaintiff was given unreasonable deadlines for her work and then denied the overtime hours that were necessary for her to complete the assignments. Men in the department, however, were permitted to work overtime hours to complete their projects.

Complaint, at para. 17.

After filing a charge of discrimination with the Equal Employment Opportunity Commission, plaintiff alleges that she suffered similar types of retaliatory acts. She was ultimately terminated during workforce reduction at NYUMC, while less-qualified males were allegedly retained. Complaint, paras. 18 and 20.[1]

Plaintiff seeks injunctive and declaratory relief against NYUMC as well as damages arising out of alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and other federal and state laws and regulations. Although the complaint does not contain a separate tort claim based on emotional distress,

each of O'Quinn's statutory claims for relief contains an identical "boilerplate" allegation that as a result of the discrimination complained of herein:

> [T]he plaintiff has suffered and will continue to suffer irreparable injury, monetary damage and damages for mental anguish, emotional distress and humiliation unless and until this Court grants relief.

Complaint, at paras. 28, 32, 35, 38, 41, 44, 48.

After discovery was initially closed in this matter, the plaintiff sought psychiatric counseling for several months, which has ended. Counsel for plaintiff has represented that at trial O'Quinn will not offer evidence that she is suffering ongoing emotional harm from NYUMC's alleged past discriminatory and retaliatory acts. Letter of Laura S. Schnell, Esq., dated August 28, 1995. Defendant has deposed O'Quinn concerning her psychiatric treatment and awaits a decision on its request for a Rule 35 examination before deposing the psychiatrist plaintiff consulted.

## II. DISCUSSION

Fed.R.Civ.P. 35(a) provides, in relevant part:

> ORDER FOR EXAMINATION. When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

■ The party seeking to obtain relief under Rule 35 must make an affirmative showing that the mental or physical condition of the party whose examination is sought actually is "in controversy" and that "good cause" exists for the examination: "mere conclusory allegations of the pleadings" or "mere rele-

---

1. Plaintiff also alleges that she was subject to a hostile work environment at NYUMC. Com-

plaint, at para. 24.

**228**

vance to the case" is not sufficient. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 242, 13 L.Ed.2d 152 (1964).

 The decision to grant or deny a Rule 35 examination lies within the court's discretion. *Real v. Hogan*, 828 F.2d 58, 63 (1st Cir.1987); *Coca–Cola Bottling Co. of Puerto Rico, Inc. v. Torres*, 255 F.2d 149, 153 (1st Cir.1958). Whether a party seeking compensatory damages for psychological harm places his or her mental state "in controversy" for the purpose of warranting a Rule 35 examination is a matter of conflict in the case law. *See, e.g., Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531 (M.D.Fla.1988) (finding plaintiff's mental condition not at issue and thus Rule 35 examination inappropriate in Title VII action where plaintiff merely sought lost wages for absences due to the stress of a hostile work environment); *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543, 544 (S.D.N.Y.1978) (finding plaintiff's mental condition at issue in tort action where compensation for emotional distress sought).[2]

As existing authority makes clear, however, "most cases where mental examinations have been allowed have either involved a separate tort claim for emotional distress or an allegation of ongoing severe mental injury." *Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216, 222 (S.D.N.Y.1994) (citations omitted); *See Coca–Cola Bottling Co. of Puerto Rico v. Negron Torres*, 255 F.2d at 153 (finding Rule 35 examination inappropriate where plaintiff did not allege ongoing emotional harm); *Curtis v. Express, Inc.*, 868 F.Supp. 467, 468–469 (N.D.N.Y.1994) (finding Rule 35 examination inappropriate where plaintiff not raising claims for ongoing psychological harm at trial, even though claims originally made in complaint); *Shepherd v. American Broadcasting Companies, Inc.*, 151 F.R.D. 194 (D.D.C.1993), *rev'd on other grounds*, 62 F.3d 1469 (D.C.Cir., 1995) (finding mental condition placed in controversy and thus mental examination appropriate where plaintiffs alleged severe emotional harm); *Cody v. Marriott Corp.*, 103 F.R.D.

421, 423 (D.Mass.1984) (finding mental condition not in controversy where a simple claim for emotional distress is made); *Cf. Sabree v. United Brotherhood of Carpenters & Joiners, Local No. 33*, 126 F.R.D. 422, 426 (D.Mass. 1989) (holding plaintiff's mental condition not at issue when defendant made Fed.R.Civ.P. 34 request for psychiatrist's documents concerning plaintiff even though complaint set forth "garden variety" claim for emotional distress). *But see, Hodges v. Keane*, 145 F.R.D. at 335 (finding Rule 35 examination appropriate and mental condition in controversy where plaintiff had a history of mental illness and such history was critical to determining legitimacy of plaintiff's allegations).

The complaint herein includes a boilerplate statement accompanying each statutory claim that as a result of NYU's alleged discriminatory and retaliatory acts O'Quinn "has suffered and will continue to suffer irreparable injury, monetary damage and damages for mental anguish, emotional distress and humiliation . . ." Complaint, at paras. 28, 32, 35, 38, 41, 44, 48. No independent tort claim for emotional distress is found in the complaint, however, and no allegation of "severe" emotional distress is made. Additionally, although the complaint appears to allege ongoing mental harm, counsel for the plaintiff now represents that O'Quinn will *not* be seeking compensation for ongoing mental harm at trial. Letter of Laura S. Schnell, Esq., dated August 28, 1995.

 Accordingly, because plaintiff herein will not pursue claims for ongoing severe emotional harm, defendant has not made an adequate showing that a Rule 35 examination is justified and the motion must be denied. *See, e.g., Bridges v. Eastman Kodak Co.*, 850 F.Supp. at 222; *Curtis v. Express, Inc.*, 868 F.Supp. at 468–469; *Cody v. Marriott Corp.*, 103 F.R.D. at 422–423.

### III. CONCLUSION

For all of the above reasons, defendant's request under Fed.R.Civ.P. 35 to conduct a mental examination of the plaintiff is denied.

---

2. It has also been noted that allowing Rule 35 examinations whenever simple "pain and suffering" claims are alleged would "open the flood-gates to requests" for mental examinations. *Hodges v. Keane*, 145 F.R.D. 332, 335 (S.D.N.Y. 1993).

## ORDER

In accordance with the Memorandum Opinion filed simultaneously herewith, the defendant's motion under Fed.R.Civ.P. 35(a) is denied.

SO ORDERED.