Karen **GATTEGNO,** Plaintiff,

v.

**PRICEWATERHOUSECOOPERS, LLP,** Defendant.

No. 3:00CV1399 (JCH).

United States District Court, D. Connecticut.

Oct. 30, 2001.

---

Craig Thomas Dickinson, Madsen & Prestley, Hartford, CT, Jacques J. Parenteau, Madsen, Prestley & Parenteau, New London, CT, for plaintiff.

James C. Riley, Whitman, Breed, Abbott & Morgan, Greenwich, CT, William M. Sunkel, Stephen L. Sheinfeld, Winston & Strawn, New York City, for defendant.

### RULING ON DEFENDANT'S MOTION TO COMPEL MENTAL EXAMINATION

FITZSIMMONS, United States Magistrate Judge.

Pending before the Court is the defendant's Motion to Compel Mental Examination [Doc. # 15]. The defendant argues that a mental examination is warranted because the plaintiff alleges ongoing mental injury as a component of damages on her age and gender discrimination and retaliation claims, and because she asserts an independent cause of action for negligent infliction of emotional distress. The plaintiff opposes the motion on the grounds that she asserts only "garden-variety" emotional distress claims and "has not claimed any *severe* distress and makes no claims of ongoing *severe* mental injury." (Pl.'s Mem. in Opp. to Def.'s Mot. Compel Mental Exam ("Opp.") at pp. 1, 5 (emphasis added).) For the reasons specified herein,

the Motion to Compel Examination [**Doc. # 15**] is **GRANTED**.

## DISCUSSION

Rule 35 of the Federal Rules of Civil Procedure provides that "when the mental . . . condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a . . . mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a). It further provides that "[t]he order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." *Id.*

When deciding whether to order a mental examination of a party, a district court's analysis first begins with the Supreme Court's decision in *Schlagenhauf v. Holder*, 379 U.S. 104, 116–122, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). The *Schlagenhauf* Court reminded district courts that, not only is a Rule 35 motion to compel subject to the general discovery limitations set forth in Rules 26(b) and 30(b), but it also contains both an "in controversy" and a "good cause" restriction. In other words, the party seeking to compel the examination must show that the subject matter of the proposed examination is in controversy in the pending lawsuit and that good cause exists for the exam.

▇▇ The "in controversy" and "good cause" requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. 234. Accordingly, Rule 35 "requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental . . . examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' which requirements . . . are necessarily related." *Id.* at 118–19, 85 S.Ct.

234 (citation omitted). *See also Large v. Our Lady of Mercy Medical Center*, No. 94 Civ. 5986(JGK)(THK), 1998 WL 65995, *6 (S.D.N.Y.1998) (good cause usually exists where party has placed mental condition in controversy); *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D.Conn.1994) ("By claiming ongoing psychiatric harm cause by the negligence of the defendant, therefore, the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination. . .").

▇▇ To make the necessary showing, the moving party need not prove its case on the merits. *See id.* at 119, 85 S.Ct. 234. Nor is an evidentiary hearing necessarily required. *See id.* In most cases, the showing may be made by way of affidavit, or other usual methods short of a hearing. *See id.* There will even be situations "where the pleadings alone are sufficient to meet these requirements." *Id.* The decision as to whether such showing was made, and thus that an examination is warranted, ultimately lies in the sound discretion of the trial court. *See, e.g., Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D.Pa.1990).

Numerous courts have considered whether defendants in civil rights cases are entitled to conduct mental examinations of plaintiffs who, to some extent, have put their mental health in controversy. *See Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216, 221–22 (S.D.N.Y.1994) (and cases cited within). "While there seems to be no hard and fast rule that can explain these different results, most cases where mental examinations have been allowed have either involved a separate tort claim for emotional distress . . . or an allegation of ongoing severe mental injury. . ." *Id.* at 222. *See also Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D.Conn.1994) ("Since plaintiff claims that he suffers ongoing psychiatric harm, the plaintiff has placed his psychiatric state in controversy"); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y.1993) (where Judge Sotomayor, before being elevated to the Second Circuit, held that "[h]ad plaintiff elected to assert the existence of an ongoing mental illness resulting from defendants' acts or omissions, defendants would

undoubtedly be entitled to an order under Rule 35(a) allowing them to conduct a psychiatric evaluation to determine the existence of such a condition") (citation omitted).

Perhaps the most extensive review of the case law in this area was undertaken by Magistrate Judge Aaron in *Turner v. Imperial Stores,* 161 F.R.D. 89 (S.D.Cal.1995).[1] The *Turner* court concluded from such review that courts will generally order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Id.* at 95. *See also Lahr v. Fulbright & Jaworski, LLP,* 164 F.R.D. 196, 199 (N.D.Tex.1995) ("although the cases analyzing [the 'in controversy'] requirement fail to provide a definitive test for deciding the issue, a distinction between the cases has emerged in favor of an examination when a plaintiff has alleged a separate tort claim for emotional distress").

In this case, the defendant has submitted an affidavit, attached to which are, *inter alia,* the plaintiff's complaint and the plaintiff's discovery responses. (*See* Aff. of William M. Sunkel ("Sunkel Aff."), and exhibits attached thereto.) The defendant argues that these documents show that the plaintiff has put her mental state in controversy and that there exists good cause for a mental examination. The Court agrees.

The plaintiff's complaint sounds in four counts. Counts One, Two and Three allege age discrimination, gender discrimination and retaliation, respectively. In each of these counts, the plaintiff alleges that she "has suffered and will continue to suffer damages, including ... mental anguish, physical and emotional distress, humiliation and embarrassment." (Compl., Count One, ¶ 44; Count Two, ¶ 47; Count Three, ¶ 51.) Additionally, in Count Four, the plaintiff alleges negligent infliction of emotional distress as an independent cause of action, which, though incorporating previous facts, includes fourteen new paragraphs of facts and is largely based on a factual scenario separate and distinct from the first three counts. (*See* Compl., Count Four, ¶¶ 52–65.) [2]

The plaintiff has also explained, under oath, in response to the defendant's interrogatories, that she seeks compensatory damages which, in part, are "personal in nature," and that she "has suffered harm to her psyche based on the treatment by the defendant." (Sunkel Aff., Ex. D, ¶ 2.) The plaintiff further explains that she "suffered mental anguish, humiliation, embarrassment and emotional distress." (*Id.*) Yet, there are issues of proof. For example, the plaintiff admits that she did not seek treatment for her alleged mental, emotional and physical distress. (*Id.,* Ex. D, ¶ 14, 15.) Moreover, in response to the defendant's requests for documents concerning the plaintiff's allegations that she has suffered "mental anguish, physical and emotional distress, humiliation and embarrassment," the plaintiff objected and asserted that such information is "protected by statutory privilege." (*Id.,* Ex. F, ¶ 45–46.)

The Court believes that, under the facts and circumstances of this case, a mental examination is warranted. First, the plaintiff has alleged a separate and independent cause of action for negligent infliction of emotional distress based largely on factual allegations that are distinct from the discrimination and retaliation claims. The existence of such cause of action, in which the plaintiff claims past and continuing mental anguish and emotional distress, has placed the plaintiff's men-

---

1. At least one court has noted the "significant weight" given to this decision as it has been cited by, *inter alia,* Wright & Miller, Federal Practice and Procedure. *See Houghton v. M & F Fishing, Inc.,* 198 F.R.D. 666, 668 n. 2 (S.D.Cal.2001).

2. In its Answer, the defendant denied each of the plaintiff's allegations with respect to her claim for negligent infliction of emotional distress. (*See* Sunkel Aff., Ex. B, ¶¶ 52–65.)

tal state "in controversy" within the meaning of Rule 35(a). *Cf., e.g., Turner,* 161 F.R.D. at 95; *Lahr,* 164 F.R.D. at 199; *Bridges,* 850 F.Supp. at 221–22. The plaintiff's discovery responses only support that conclusion.

Second, the plaintiff alleges, in the operative complaint in this action, that she "continue[s] to suffer ... mental anguish, physical and emotional distress, humiliation and embarrassment." (*E.g.,* Compl., Count One, ¶ 44.) This claim of ongoing mental injury also places the plaintiff's mental state "in controversy." *Cf., e.g., Hodges,* 145 F.R.D. at 334 (Sotomayor, J.). The plaintiff's discovery responses support this conclusion as well.

In opposing the defendant's motion to compel, the plaintiff relies on several cases, purportedly for the proposition that a defendant is not entitled to a mental examination if the plaintiff asserts only "garden-variety" mental distress claims, or if the plaintiff has not alleged "severe" distress. (*See, e.g.,* Opp. at pp. 5–6.) However, as the defendant correctly points out (*see* Reply Mem. at p. 1), most of the cases relied on by the plaintiff specifically recognize the distinction between a pleading containing "boilerplate allegations" and a complaint that includes a separate and independent emotional distress claim. *See Bridges,* 850 F.Supp. at 220, 222; *Ricks,* 198 F.R.D. at 648–49; *O'Quinn v. New York University Medical Center,* 163 F.R.D. 226, 228 (S.D.N.Y.1995); *Curtis v. Express, Inc.,* 868 F.Supp. 467, 468 (N.D.N.Y.1994). The Court has analyzed the cases cited by the plaintiff and finds them distinguishable on the facts or unconvincing when viewed in light of the plaintiff's actual allegations in this case. Whether the plaintiff believes she has alleged on a "garden-variety" claim or whether the plaintiff used the word "severe" are not significant. The plaintiff has alleged ongoing mental injury in *every* count *and* a separate and independent cause of action sounding *only* in the infliction of mental anguish and emotional distress. Thus, the plaintiff's mental state, as affirmatively alleged, is in controversy.

The plaintiff does draw the Court's attention to a letter sent from the plaintiff's counsel to the defendant's counsel, in a good faith attempt to resolve discovery disputes, "confirm[ing] that [the plaintiff] do[es] not intend to support any of plaintiff's claims with medical records[, does] not intend to call any treating physicians or other care providers and [does] not intend to offer any expert testimony relative to plaintiff's claims for mental anguish and/or emotional distress." (Opp., Ex. B.) By doing so, the plaintiff apparently attempts show that, to the extent the plaintiff's mental state was placed in controversy by the pleadings, it is no longer actually in controversy. The plaintiff's general idea has some support in the case law. *Cf. Ricks,* 198 F.R.D. at 650 (denying a mental exam because the plaintiff admitted in her memorandum in opposition that she did not seek to introduce expert psychiatric evidence, thus constituting a waiver sufficient to remove the plaintiff's mental state from the "controversy").

The *Ricks* case is distinguishable in several important respects, however. First, the plaintiff did not assert a specific cause of action for infliction of emotional distress. *See id.* In fact, the *Ricks* court specifically noted that the "*Fox* standard"[3] it was following would potentially be inconsistent with the Supreme Court's decision in *Schlagenhauf* if the plaintiff's mental state were actually "an element of the claim," as it is with emotional distress causes of action. *See Ricks,* 198 F.R.D. at 649 n. 1. Because the plaintiff had only mentioned mental injury as a partial component of her alleged damages, the court was willing to find a waiver (subject to a motion for reconsideration) from statements made within the memorandum in opposition. *See id.* at 650.

In this case, however, the plaintiff has asserted a separate and independent cause of action for infliction of emotional distress. Because the Court is not willing to find a waiver of an entire count based simply on the plaintiff's counsel's statements in a letter to the defendant (and repeated in the memoran-

---

**3.** *See Fox v. Gates Corp.,* 179 F.R.D. 303, 307 (D.Colo.1998) (relying, *inter alia,* on *Turner,* 161 F.R.D. at 95).

dum in opposition), the Court will not hypothesize about the extent to which such statements would constitute a sufficient waiver of the allegations of continuing mental injury in the first three counts. If the plaintiff wishes to remove her mental state from controversy, she may seek leave to amend the complaint to remove such allegations. As this case now exists, the Court finds that, as a factual matter, the plaintiff's mental state was placed "in controversy" by the pleadings and no waiver sufficient to remove the controversy has occurred.

■■■ The Court also finds that good cause exists for a mental examination of the plaintiff. First, the plaintiff's mental state is in controversy, and the "in controversy" and "good cause" requirements are "necessarily related." *Schlagenhauf*, 379 U.S. at 118–19, 85 S.Ct. 234. *See also Large*, 1998 WL 65995 at *6. More importantly, it is not clear to what extent the plaintiff plans to submit evidence on, and seek damages for, the emotional distress alleged in the complaint. The plaintiff agreed not to seek to admit medical records or physician testimony, but it is not clear whether the plaintiff agrees to abandon all aspects of both the emotional distress count and the damages for mental anguish on the remaining counts. Although a mental examination is a potentially invasive procedure, "[t]he plaintiff's right to avoid the invasion ... must be balanced against defendant's right to a fair trial." *Curtis v. Express, Inc.*, 868 F.Supp. 467, 469 (N.D.N.Y.1994) (citing *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298 (E.D.Pa.1983)). Indeed, this court has noted in the past that "one purpose in granting a request for a psychiatric examination pursuant to Rule 35 is to 'preserve[ ] the equal footing of the parties to evaluate the plaintiff's mental state...' " *Duncan*, 155 F.R.D. at 25 (citation omitted).

The defendant claims that "a professional examination is critical to [its] ability to evaluate [the plaintiff's] mental state and properly assess the injuries alleged in Count Four of the complaint" and her claims for damages. (Mot. Compel. Mental Exam. at p. 4.) Unless and until the plaintiff conclusively waives all rights to assert claims of emotional dis-

tress or mental anguish, or amends the complaint to make such waiver clear, the Court agrees with the defendant that good cause for a mental examination exists, and therefore grants the motion to compel.

The defendant has not, however, provided the Court with sufficient information for the Court to "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made," as Rule 35 requires. Consequently, the parties shall confer and attempt to agree upon a proposed examination schedule and subjects of inquiry. If the parties can agree, they are to submit a proposed order to the Court for approval within fifteen (15) days of the docketing of this ruling. If not, they are to file separate proposed orders with the Court within fifteen (15) days of the docketing of this ruling.

## CONCLUSION

As discussed above, **Defendant's Motion to Compel Mental Examination [Doc. # 15] is GRANTED**. This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.