Anna J. CAULEY, Plaintiff,

v.

INGRAM MICRO, INC., Defendant.

No. 99–CV–193S(F).

United States District Court,
W.D. New York.

Jan. 24, 2003.

Anna J. Cauley, Niagara Falls, NY, pro se.

Kavinoky & Cook, Randolph C. Oppenheimer, and Toni L. Frain, of Counsel, Buffalo, NY, for Defendant.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

On July 19, 1999, Hon. William M. Skretny referred this matter pursuant to 28 U.S.C. § 636(b)(1)(A). The matter is presently before the court of Defendant's motions to compel a mental examination of Plaintiff pursuant to Fed.R.Civ.P. 35(a), filed September 6, 2002 (Doc. No. 61), and Defendant's motion to compel discovery, including completion of Plaintiff's deposition, and amend the Scheduling Order filed May 7, 2002 (Doc. No. 54) pursuant to Fed.R.Civ.P. 37(a) and 16(b), respectively, filed June 25, 2002 (Doc. No. 55).

### BACKGROUND and FACTS

This action was commenced on March 17, 1999. Plaintiff initially proceeded *pro se;* however, on August 30, 1999, Barbara M. Sims, Esq. entered an appearance on behalf of Plaintiff. A scheduling order was filed on August 31, 1999. Upon Plaintiff's motion filed October 1, 1999, Plaintiff sought leave to file an amended complaint. Defendant opposed the motion; however, by order filed April 27, 2000, Plaintiff's motion was granted, and the Amended Complaint was filed January 16, 2003.[1]

On September 15, 2000, Defendant moved to amend the Scheduling Order and on October 2, 2000 Defendant moved to compel discovery. On November 8, 2000, Defendant's motion was granted as to Plaintiff's medical records, subject to a confidentiality agreement limiting use of such information, and dismissed as moot as to Defendant's other requests. A Stipulation and Order limiting the use of Plaintiff's medical records to the purposes of the instant litigation was filed on November 10, 2000 (Doc. No. 25).

By order dated April 5, 2002, Defendant moved to amend the Amended Scheduling Order. On May 7, 2002, an Amended Scheduling Order was entered by the court.

On June 25, 2002, Defendant moved to compel discovery and to further amend the Amended Scheduling Order together with Affidavit of Randolph C. Oppenheimer, Esq. (Doc. No. 55) ("Oppenheimer Affidavit"). On July 1, 2002, Barbara M. Sims, Esq. moved to withdraw as Plaintiff's attorney. Following a hearing conducted September 18, 2002, the motion to withdraw was granted; Plaintiff was directed to advise the court of any new attorney within 45 days. Because of the withdrawal by Plaintiff's attorney, no action was taken on Defendant's motions at that time.

Following a hearing conducted November 25, 2002, at which Plaintiff participated without counsel, and based on Plaintiff's representation that she had not received copies of Defendant's prior motions, Defendant was directed to re-serve Plaintiff with its motions to compel, for mental examination, and to extend the scheduling order. Plaintiff was directed to file her responses by December 18, 2002. Plaintiff's Reply Affidavits to Defendant's motions were filed on December 18, 2002 ("Cauley Affidavit Doc. No. ____") (Doc. Nos.67, 68). On December 27, 2002, Defendant filed the Affidavit of Toni L. Frain, Esq., in Support of Defendant's Motions to Compel and to Extend the Amended Scheduling Order (Doc. No. 69) ("Frain Affidavit"). Oral argument was deemed unnecessary. For the following reasons, Defendant's motions are GRANTED.

### FACTS

In her Amended Complaint, Plaintiff alleges age discrimination in employment under ADEA, 29 U.S.C. §§ 621–634 and gender discrimination in violation of Title VII, 42 U.S.C. §§ 2000, *et. seq.* Specifically, Plaintiff alleges that after she was hired on June 10, 1997, derogatory comments and unjust criticism of her performance relating to her age, and her involvement in prior litigation unrelated to Plaintiff's employment, made by her supervisor created a hostile work environment, culminating in her termination on November 4, 1997 when Plaintiff was sum-

---

1. Although the proposed Amended Complaint was included with Plaintiff's motion, it was not formally filed as such following granting of Plaintiff's motion for leave to file an amended complaint. Accordingly, the court, *sua sponte,* directed such filing.

marily dismissed, accused of theft of company property, and escorted, under police guard, from Defendant's premises.

Plaintiff claims front pay and compensatory damages based on her assertion that as a result of the alleged harassment, Plaintiff "became so filled with stress that she was hospitalized and placed under the care of a physician." Amended Complaint ¶ 22. Plaintiff further claims that as a result of Defendant's misconduct, Plaintiff "suffered emotional and financial injury." *Id.* ¶ 23. Plaintiff seeks $250,000 in damages.

## DISCUSSION

By its motion to compel, Defendant seeks the identity of OB/GYN physicians who have treated Plaintiff, pharmacies where Plaintiff's prescriptions may have been dispensed, grammar schools and other schools attended by Plaintiff which were not previously disclosed to Defendant, Plaintiff's W–2 forms for tax years 2000 and 2001, authorization for release of Plaintiff's military records if applicable, and an authorization for Plaintiff's arrest records with the cities of Niagara Falls and Buffalo Police Departments.

Defendant also seeks an order compelling Plaintiff's attendance and participation in an adjourned deposition necessitated by interruptions caused by Plaintiff. Oppenheimer Affidavit ¶ 8.

Finally, Defendant requests Plaintiff be ordered to appear and participate in an independent medical examination pursuant to Fed.R.Civ.P. 35(a). Oppenheimer Affidavit ¶ 9(c). Defendant asserts that the physician retained by Defendant requires the requested personal information as background for the examination. *Id.* ¶ 10.

In Plaintiff's Reply Affidavit, Plaintiff contends that her general allegation of mental distress in insufficient to support a request for the requested mental examination. Cauley Affidavit (Doc. No. 68) ¶¶ 12–13. Further, Plaintiff contends that as there is no basis for the requested examination, the requested discovery should not be granted as excessively intrusive, and therefore oppressive. Cauley Affidavit ¶ 5. Plaintiff also argues that many of Defendant's requests can

be obtained through Plaintiff's deposition. *Id.* ¶ 6.

Defendant, in rebuttal, argues that Plaintiff has provided none of the requested discovery. Frain Affidavit ¶ 6. Defendant also contends that as the court, on November 8, 2002, directed Plaintiff to provide answers to interrogatories seeking the identity of Plaintiff's health care providers, the court has determined that Plaintiff's mental condition is at issue for purposes of Defendant's request for a Rule 35 examination of Plaintiff. Frain Affidavit ¶¶ 16, 19.

■ An independent medical examination pursuant to Rule 35 may be obtained where the mental or physical conditions of a party "is in controversy." Fed.R.Civ.P. 35(a). A request for such an examination must be for "good cause shown." *Id.* The burden is upon movant to establish the existence of "good cause." *Schlagenhauf v. Holder,* 379 U.S. 104, 117, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). In *Schlagenhauf,* the Supreme Court stated that the requirements of Rule 35 are "not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmation showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf, supra,* at 118, 85 S.Ct. 234. Rule 35 examines "discriminatory application" by the court to assess whether the condition at issue is "in controversy" and that "good cause" has been established, which requirements are "necessarily related." *Id.* at 118–19, 85 S.Ct. 234. Whether the requisite showing has been made in a particular case is within the "sound discretion" of the court. *Gattegno v. Pricewaterhousecoopers, LLP,* 204 F.R.D. 228, 230 (D.Conn.2001) (citation omitted).

Courts have reached differing conclusions on whether a plaintiff in an employment discrimination action who claims damages based on allegation of having suffered mental or emotional distress has placed his mental condition in controversy for the purposes of triggering a defendant's entitlement to seek a mental examination pursuant to Rule 35(a). *See Gattegno, supra,* at 230; *Turner v. Impe-*

*rial Stores,* 161 F.R.D. 89, 91–96 (S.D.Cal. 1995) (discussing and analyzing cases).

■ However, the court need not venture too far into this judicial thicket. Where a plaintiff has alleged a claim of "unusually severe emotional distress," courts have permitted a Rule 35(a) examination. *Gattegno, supra,* at 230 (citing *Turner, supra*). Here, Plaintiff alleges that as a result of Defendant's harassment, "Plaintiff became so filled with stress that she was *hospitalized and placed under the care of a physician.*" Amended Complaint ¶ 22 (emphasis added). Thus, Plaintiff's allegations amount to more than a claim for "garden variety" emotional distress damages. *Ruhlmann v. Ulster County,* 194 F.R.D. 445, 449 (N.D.N.Y.2000) (refusing to find simple claim of emotional distress sufficient to satisfy "at issue" rule supporting waiver of physician-patient privilege). The fact that Plaintiff claims the degree of emotional harm inflicted upon her by Defendant required both hospitalization and treatment by a physician places Plaintiff's claim beyond a bare allegation of emotional stress typically associated with an alleged discriminatory discharge. Additionally, contrary to Plaintiff's assertion, Cauley Affidavit ¶ 7, Defendant's notice of mental examination complies with the requirements of Rule 35(a).

Accordingly, the court finds Plaintiff has sufficiently placed her mental condition in controversy to authorize an examination pursuant to Rule 35(a), and that there is good cause for Defendant's request. Plaintiff's argument that the results of the examination may unduly interfere with her privacy interests is overcome by the existence of the confidentiality agreement which was ordered by the court. Plaintiff makes no objection to the credentials of Defendant's expert nor the extent of Defendant's willingness to accommodate her in scheduling the examination.

Plaintiff also opposes the Defendant's request for documentation regarding Plaintiff's medical and personal history. However, the court finds such documents may reasonably assist Defendant's expert in preparing for and conducting the requested examination. Plaintiff does not argue the existence of any privilege or contend the requests are irrelevant.

Defendant also seeks information regarding Plaintiff's tax returns for each year covered by the allegations of the Amended Complaint. Oppenheimer Affidavit ¶ 14. Although Plaintiff objected on the ground of relevancy to Interrogatory No. 4 which requests the identity of her tax preparers for the requested tax returns, Plaintiff did not assert any similar objection to Defendant's Document Request No. 17 seeking copies of her tax return. Plaintiff's only response was that such information had been "requested." Oppenheimer Affidavit, Exhibit A, Plaintiff's Responses to Defendant's First Request for Production of Documents and First Set of Interrogatories at ¶ 17. Accordingly, any objection to such request is deemed waived. Fed.R.Civ.P. 33(b)(4); 34(b).

Plaintiff generally contends that Defendant's motion is unfounded because Plaintiff has been in "compliance with discovery· requests." However, Plaintiff does not state how the deficiencies, as revealed by the moving papers and exhibits, in Plaintiff's responses to Defendant's interrogatories and document requests have been remedied, nor does she deny that her deposition has not been completed. Rather, Plaintiff's opposition is primarily based upon her opposition to Defendant's request for a mental examination, a contention the court has found to be without merit.

Further, because of the delay associated with the litigation of the instant motions and the withdrawal of Plaintiff's attorney, good cause for amending the Scheduling Order has been established.

## CONCLUSION

Based on the foregoing, Defendant's motions (Doc. Nos. 55 and 61) are GRANTED. *Plaintiff shall provide the outstanding discovery within **30 days** of service of this Decision and Order.* Plaintiff's deposition shall be rescheduled and completed ***within 60 days of service*** of this Decision and Order; Plaintiff's Rule 35 examination shall be scheduled and completed ***within 90 days of service*** of this Decision and Order. An amended Scheduling Order is entered herewith.

PLAINTIFF IS REMINDED THAT FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT HER TO SANCTIONS INCLUDING DISMISSAL OF HER COMPLAINT WITH PREJUDICE.

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 10 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).

SO ORDERED.

