Robert C. WILSON, Plaintiff–
Appellant,

v.

John DALTON, Secretary of the
Navy; United States Navy,
Defendants–Appellees.

No. 00–55281.

D.C. No. CV–98–2474–ABC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Dec. 17, 2001.

Before B. FLETCHER, T.G. NELSON,
and BERZON, Circuit Judges.

**MEMORANDUM** *

Robert C. Wilson (Wilson) sued the Navy under the Rehabilitation Act.[1] He appeals the district court's partial summary judgment for the Navy, arguing that he raised a genuine issue of material fact as to whether the Navy reasonably accommodated his carpal tunnel syndrome. Wilson also appeals the district court's denial of his motion for a new trial on his retaliation claim, arguing that the district court erred in ordering him to undergo a mental examination. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

## I.

■ Wilson likens this case to *Barnett v. U.S. Air, Inc.*,[2] and claims that the Navy did not act in good faith.[3] However, unlike the plaintiff in *Barnett*, Wilson produced no evidence that the Navy failed to seek a dialogue or communicate with Wilson, otherwise ignored him, or summarily rejected his accommodation requests without offering alternatives.[4] In contrast, the Navy produced evidence that it had met with Wilson, requested information about his conditions and limitations, asked him what he wanted, considered his requests, and offered and discussed alternatives.[5]

Wilson contends, however, that the Navy did not act in good faith because the Navy failed to provide him with some of the equipment he requested to accommodate his carpal tunnel syndrome, delayed in providing other equipment, and provided unreliable secretarial and transcription support services. However, the Navy produced evidence that these incidents were caused by innocent mistakes or decisions that were reasonable under the circumstances, and Wilson offered no contrary evidence.

Wilson also cites verbal abuse and humiliation by his supervisors and a compensation claims administrator. The record reveals that the incidents in question might be more accurately characterized as interpersonal friction. In light of Wilson's failure to provide any other evidence of bad faith, these incidents are not enough to raise a genuine issue as to whether the Navy acted in good faith.

■ Wilson also argues that the Navy failed to reasonably accommodate him by refusing to provide him with the specific office equipment he requested. The Rehabilitation Act's mandate to provide reasonable accommodations does not require the Navy to provide Wilson with the specific accommodations he requests, however.[6] Furthermore, Wilson does not dispute that the Navy provided some accommodations and has produced no evidence tending to show that the Navy's accommodations were not reasonable.

Viewing the record in the light most favorable to Wilson,[7] he has failed to set

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. 29 U.S.C. §§ 701–961 (1994 & Supp. IV 1998).

2. 228 F.3d 1105 (9th Cir.2000), *cert. granted*, —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 467 (2001). Certiorari was granted on a question irrelevant to this case. *See* —— U.S. at ——, 121 S.Ct. at 1600.

3. *See Barnett*, 228 F.3d at 1116 (holding that an employer cannot prevail at summary judgment if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process).

4. *See id.* at 1116–17.

5. *See id.* at 1115.

6. *See id.* at 1113 n. 4.

7. *See McAlindin v. County of San Diego*, 192 F.3d 1226, 1232 (9th Cir.1999), *cert. denied,*

forth specific facts showing that there is a genuine issue for trial regarding the Navy's good faith or the reasonableness of the Navy's accommodations of his disability.[8] Wilson's factually unsupported arguments are not sufficient to raise a genuine issue of material fact.[9] We affirm the district court's partial summary judgment for the Navy.

## II.

After a jury verdict for the Navy on his retaliation claim, Wilson moved for a new trial, basing his motion on the district court's refusal to set aside a magistrate judge's order compelling Wilson to undergo a mental examination. We conclude that the district court did not abuse its discretion in denying Wilson's motion.[10]

■ Wilson expressly alleged "severe emotional distress and mental anguish" in his complaint.[11] In depositions, Wilson gave emotional descriptions of long-lasting and significant emotional distress, which, even if not expressly labeled as such, amount to allegations of severe emotional injury. Finally, Wilson sought a substantial amount in emotional distress damages. These considerations provide sufficient

grounds for finding that Wilson had placed his mental condition "in controversy" and that there was "good cause" for the examination.[12] Thus, the district court did not make a clear error in judgment in upholding the magistrate judge's mental examination order.[13] Accordingly, the district court did not abuse its discretion in denying Wilson's motion for a new trial.[14]

AFFIRMED.

---

530 U.S. 1243, 120 S.Ct. 2689, 147 L.Ed.2d 961 (2000).

8. *See Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir.2001); Fed.R.Civ.P. 56(e).

9. *See United States v. Northern Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

10. *See Unocal Corp. v. United States*, 222 F.3d 528, 534 (9th Cir.2000) ("We review for abuse of discretion the district court's denial of Metrolink's motion for a new trial.")

11. Wilson argues that he has not alleged severe emotional distress because he "agreed" to strike the word "severe" from his emotion-

al distress claim in his complaint. However, the record contains no stipulation regarding this "agreement," and the complaint was not amended to strike the word "severe" or reduce the emotional distress damages Wilson sought.

12. *See Turner v. Imperial Stores*, 161 F.R.D. 89, 91–98 (S.D.Cal.1995) (collecting cases and identifying the grounds for mental examinations); *Ford v. Contra Costa County*, 179 F.R.D. 579, 579–80 (N.D.Cal.1998) (listing grounds for mental examinations); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 116–22, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Fed. R.Civ.P. 35(a).

13. *See Securities and Exchange Comm'n v. Coldicutt*, 258 F.3d 939, 941 (9th Cir.2001).

